## IN THE UNITED STATES DISTRICT COURT
## FOR THE MIDDLE DISTRICT OF FLORIDA
## ORLANDO DIVISION

LIVE FACE ON WEB, LLC,
a Pennsylvania company,

        Plaintiff,

vs.

TWEOPLE, INC., a Florida corporation;
TWENTY FIRST CENTURY HEALTH CARE
CONSULTANTS, INC., a Florida corporation;
ADS CONSULTING CORPORATION, INC., a
Florida corporation; MAGIC VILLAGE LLC, a
Florida company; MR. CHECKOUT
DISTRIBUTORS, INC., a Florida corporation;
ENLIGHTENED CAPITALISM LLC, a Florida
company; FLORIDA EB5 INVESTMENTS
LLC, a Florida company; SOUTHERN
CREMATORY, INC., a Florida corporation;
COMFORT-N-MOBILITY, INC., a Florida
corporation; CLINGAN CAPITAL FUNDING,
LLC, a Florida company; ROBERT W.
ASTLES, D.M.D., P.A., a Florida corporation;
THE FAMILY VENDING CO. INC., a Florida
corporation; VICTOR V. GAMMICHIA,
D.D.S., P.A. a Florida corporation; HELICAL
PRODUCTS COMPANY, INC.; a California
corporation; UNITED CALIFORNIA
DISCOUNT CORPORATION, a California
corporation; CBS CORPORATION, a Delaware
corporation; DYDACOMP DEVELOPMENT
CORP., a Delaware corporation; DOAN LAW
FIRM P.C., a Texas corporation; ZK
TECHNOLOGY LLC, a New Jersey company;
BARBA CONSULTING INC., New Jersey
company; EXPRESSCARE LLC, Maryland
company;

        Defendants.

Case No.: 6:14-CV-44-ORL-37-TBS

JURY TRIAL REQUESTED

## COMPLAINT

Plaintiff Live Face on Web, LLC, through its undersigned counsel, for its Complaint against the Defendants listed above and alleges as follows:

## I.   **THE PARTIES**

1.      Plaintiff, Live Face on Web, LLC ("LFOW"), is a Pennsylvania limited liability company with its principal place of business at 1300 Industrial Boulevard, Suite 212, Southampton, PA 18966.

2.      Upon information and belief, Defendant Tweople, Inc. ("Tweople"), is a Florida corporation with a principal place of business at 2471 N. John Young Parkway, Orlando, Florida 32804. Tweople formerly did business as Yakking Heads. On information and belief, Tweople currently owns, controls and/or operates the websites http://www.tweople.com,                    http://budgetwebspokespeople.com, http://yourvideopartner.com,   and   http://instantspokespeople.com   (collectively   the "Tweople websites")

3.      Upon information and belief, Defendant CBS Corporation ("CBS"), is a Delaware corporation with a principal place of business at 51 W. 52nd Street, New York, New York.

4.      Upon information and belief, Defendant Twenty First Century Health Care Consultants, Inc., is a Florida corporation with a principal place of business at 3910 Golf Park Loop, Suite #3, Bradenton, Florida 34203.

5.      Upon information and belief, Defendant Helical Products Company, Inc., is a California corporation with a principal place of business at Helical Products Company, Inc., 901 West McCoy Lane, Santa Maria, California 93455.

6.     Upon information and belief, Defendant ADS Consulting Corporation, Inc. is a Florida corporation with a principal place of business at 4767 New Broad Street, Orlando, Florida 32814.

7.     Upon information and belief, Defendant Magic Village LLC is a Florida company with a principal place of business at 189 South Orange Avenue, Suite 1400 Orlando, Florida 32801.

8.     Upon information and belief, Defendant Mr. Checkout Distributors, Inc. is a Florida corporation with a principal place of business at 1650 SW 22 Ave., Boca Raton, Florida 33486.

9.     Upon information and belief, Defendant Enlightened Capitalism LLC is a Florida company with a principal place of business at 125 Spring Lake Hills Dr., Altamonte Springs, Florida 32714.

10.    Upon information and belief, Defendant Florida EB5 Investments LLC is a Florida company with a principal place of business at 125 Spring Lake Hills Dr., Altamonte Springs, Florida 32714.

11.    Upon information and belief, Defendant Southern Crematory, Inc., is a Florida company with a principal place of business at 720 Highway 17, South San Mateo, Florida 32187.

12.    Upon information and belief, Defendant Dydacomp Development Corp., is a Delaware corporation with a principal place of business at 9 Campus Drive Parsippany, New Jersey 07054.

13.     Upon information and belief, Defendant Comfort-N-Mobility, Inc., is a Florida corporation with a principal place of business at 3082 Gulf Breeze Pkwy. Gulf Breeze, Florida 32563.

14.     Upon information and belief, Defendant Clingan Capital Funding, LLC, is a Florida company with a principal place of business at 1702 N. Woodland Boulevard Suite #116-457, Deland, Florida 32720.

15.     Upon information and belief, Defendant Robert W. Astles, D.M.D., P.A., is a Florida corporation with a principal place of business at 963 37th Place Vero Beach, Florida 32960.

16.     Upon information and belief, Defendant Doan Law Firm P.C., is a Texas corporation with a principal place of business at 1 Riverway, Suite 2080, Houston, Texas 77056-1966.

17.     Upon information and belief, Defendant The Family Vending Co. Inc., is a Florida corporation with a principal place of business at 3651 NW 120th Ave Coral Springs, Florida 33065.

18.     Upon information and belief, Defendant United California Discount Corporation is a California corporation with a principal place of business at 220 Avenue I, Redondo Beach, California 90277.

19.     Upon information and belief, Defendant Victor V. Gammichia, D.D.S., P.A. is a Florida corporation with a principal place of business at 450 Errol Parkway, Apopka, Florida 32712.

20.     Upon information and belief, Defendant ZK Technology LLC is a New Jersey corporation with a principal place of business at 201 Circle Drive North, Suite 116, Piscataway, New Jersey 08854.

21.     Upon information and belief, Defendant ExpressCare LLC is a Maryland corporation with a principal place of business at 5 Belair South Pkwy, Suite 1535, Bel Air, Maryland 21015.

22.     Upon information and belief, Defendant Barba Consulting Inc. is a New Jersey corporation with a principal place of business at 525 Route 73 N, Suite 104, Marlton, NJ 08053.

## II.     <u>JURISDICTION AND VENUE</u>

23.     This action arises under the U.S. Copyright Act (17 U.S.C. §501 *et seq*.) and the Lanham Act (15 U.S.C. §1051 *et seq*.), and thus this Court has federal question jurisdiction over the subject matter of this action pursuant to 28 U.S.C. §§ 1331 and 1338(a).

24.     As fully set forth herein, Defendants have misused and distributed LFOW's software and derivative works thereof, which are the subject of U.S. Copyright Registrations.

25.     This Court has jurisdiction over Defendants Tweople, Twenty-First Century Health Care Consultants, ADS Consulting, Magic Village, Enlightened Capitalism, Florida EB5 Investments, Southern Crematory, Clingan Capital Funding and Victor Gammichia, which, upon information and belief, are each Florida entities with their principal place of business in this District.

26.     This Court has jurisdiction over Defendants Mr. Checkout Distributors, Comfort-n-mobility, Robert W. Astles and The Family Vending Co., which, upon information and belief, are each Florida entities.

27.     Upon information and belief, CBS is subject to jurisdiction because it is registered to do business in the State of Florida, and has therefore consented to jurisdiction and venue in Florida. Additionally, CBS has continuous and systematic contacts with the State of Florida and in this District, including but not limited to contacts with Tweople in this District related to this action.

28.     Upon information and belief, each of Helical Products Company, United California Discount Corporation, Dydacomp Development Corp., Doan Law Firm, ZK Technology, Barba Consulting and ExpressCare has conducted business in Florida and in this District. In particular, on information and belief, the Court has jurisdiction over each Defendant, which contacted Tweople, a Florida company in Orlando, to purchase Tweople's infringing code. The software in question is not off-the-shelf software; instead, the software is typically configured specifically for a particular user. Each of these defendants likely contracted with Tweople for further services, including but not limited to the creation and production of web videos, and/or hosting those videos on Tweople's website. Accordingly, each defendant has purposefully availed itself of the privilege of doing business in Florida, and in particular, has specific contacts to this District through their dealings with Tweople.

29.     Venue is proper in this District pursuant to 28 U.S.C. §§ 1391(b), (c) and 1400(a) in that a substantial part of the events or omissions giving rise to the claims herein occurred in this District. Further, upon information and belief, each of the

defendants acquired the infringing software from Tweople in this District. Additionally, Defendants Tweople, Twenty-First Century Health Care Consultants, ADS Consulting, Magic Village, Enlightened Capitalism, Florida EB5 Investments, Southern Crematory, Clingan Capital Funding and Victor Gammichia are each located in this District, further establishing proper venue in this District.

## III.   FACTUAL BACKGROUND

### A.   LFOW's Business and Technology

30.    LFOW is a leading developer and owner of "live person" software ("LFOW Software") and video technology for websites (collectively, the "LFOW Technology"), which it licenses to businesses and individuals.

31.    The LFOW Technology allows a company to display a video of a "walking" and "talking" personal host who introduces a website to an online visitor. The personal host is, in effect, a spokesperson for the specific company for whom the video has been created. Typically the spokesperson explains a company's products and/or services and directs a visitor's attention to a particular product or aspect of the website. The LFOW Technology is representative of LFOW's advertising idea; LFOW (and its customers) advertise services and solicit business through the use of a website spokesperson, which is typically tailored to specific products and services found on the associated website.

32.    The LFOW Technology enables a company to customize and dynamically modify settings and functionality of the spokesperson. By way of example, a customer utilizing the LFOW Technology can: (a) manipulate the positioning of the spokesperson on its website and select between static, relative or dynamic positioning features; (b)

7

adjust the delay between the time an online visitor enters the website and the start time of the spokesperson's presentation; (c) select the number of times a presentation plays for each particular visitor; and (d) select "click on me" functionality that directs a user to a predetermined page or section of the website which promotes goods or services and/or reinforces the image and brand of the customer.

33.     The LFOW Technology seeks to enhance a web site by using a real spokesperson to capture, hold and prolong the attention of the average online visitor, enhancing the ability of the website to advertise specific products and services. This technique has a direct positive impact on sales and/or the brand, public image and reputation of any company that has an online presence.

34.     When a web browser is directed to a website which has incorporated LFOW Technology, the website distributes a copy of the LFOW Software, which is automatically downloaded by the web browser into cache, computer memory and/or the hard drive, allowing the launch of the specified video using the LFOW Software. As a result, every time a website with LFOW's Software is visited, a copy of LFOW's Software is distributed to the website visitor.

35.     Because the LFOW Software is written in JavaScript, it is possible to view the actual source code of the LFOW Software through a web browser. Anyone who accesses a website that has implemented LFOW's Technology has access to the LFOW Software. Additionally, any website visitor can download the LFOW Software and view it on virtually any text viewer or editor software (such as Word®, Notepad, etc.).

36.     The LFOW Technology, the spokesperson's video presentation created by LFOW, and other components are licensed by LFOW to a customer in a "package" (each

being a "LFOW Software Package") for a license fee. LFOW also receives fees for other services. The Software Package is also subject to the terms and conditions of LFOW's End User License Agreement ("EULA"). Since at least October 2007, LFOW has included the web address where the EULA can be found, thus anyone who accessed any version of LFOW's Software since that time had notice of the EULA.

37.     Specifically, each LFOW Software Package consists of three parts: (a) the video presentation of the spokesperson, which is typically created and owned by LFOW and protectable under, inter alia, U.S. copyright law; (b) the LFOW Software, comprised of LFOW JavaScript, which is also a copyrighted work, duly registered with the U.S. Copyright Office, is owned by LFOW and on which LFOW has spent considerable time, effort and money to develop and market; and (c) the LFOW video player, which itself is a copyrighted work created and owned by LFOW ("LFOW Video Player").

38.     LFOW has registered each version of the LFOW Software. Pertinent to this action, on December 20, 2007, LFOW duly registered the copyright in the LFOW Software versions 6.0.3 (TXu001610432) and 7.0.0 (TXu001610441) in the United States Copyright Office, as evidenced by the certificate of registration issued by the Register of Copyrights which are attached herewith as Exhibits A and B. LFOW duly registered the copyright in LFOW Software version 10.0.0 on October 1, 2012 (Tx 7-605-244), which is attached as Exhibit C.

**B.      Tweople's Improper Use Of LFOW's Copyrighted Software**

39.     Upon information and belief, Tweople was incorporated in or about 2011, and was a spinoff of another venture doing business as Yakking Heads.

40. Tweople claims to be "the leader in website spokesperson services and technology," offering a variety of services, including website video spokespersons.

41. Upon information and belief, Tweople used portions of LFOW's Software for its own code, in violation of U.S. Copyright laws. Tweople improperly copied several different versions of LFOW Software to run the Tweople spokesperson videos, each of which is an improper and unauthorized derivative work of the LFOW Software. There are at least four versions of Tweople's infringing code that incorporate important portions of the LFOW Software.

42. Apparently unconcerned with hiding the unabashed copying, Tweople's infringing code includes one or more instances of "LFOW," which is a reference to LFOW. The infringing Tweople code also includes the unique prefixes "lf_," which were arbitrarily chosen by LFOW to mark its code and indicate LFOW's unique and original code.

43. There is no functional value to the use of the letters "LFOW" or "lf_" in the LFOW Software. Instead, these were both chosen as references to LFOW and its code. Although Tweople used significant portions of the LFOW code, it removed both LFOW's registered trademark and LFOW's copyright notice.

44. Tweople promotes its own goods and services using the Tweople infringing code and LFOW's advertising ideas. When visitors and potential customers navigate to the Tweople's websites, a Tweople spokesperson driven by infringing code pops up as shown in the example at the bottom left of the page below:



45.     By virtue of Tweople's improper and unauthorized use of LFOW's Software on the Tweople websites, Tweople infringes LFOW's copyright in Tweople's advertising and also uses LFOW's advertising ideas in Tweople's advertising.

46.     By improperly copying LFOW's Software instead of creating its own code, Tweople avoided the costly process of developing and perfecting the code, providing the ability to leverage its improper cost savings to undercut LFOW's pricing.

**C.      Tweople's Infringement Through its Customers**

47.     Tweople sells packages that include videos tailored to the specific business of each customer of Tweople, executed by the infringing code. Tweople also provides the option to its customers of hosting the videos, as well as providing video players branded with a specific customer's brand or with the Tweople logo.

48.     Each time a web browser retrieves a page from a Tweople customer with a Tweople video, a new copy of the infringing code is automatically distributed to the website visitor. Accordingly, each visit to a website of Tweople's customers with Tweople's infringing code is a new act of copyright infringement, by distributing and executing the infringing code.

49.     Where Tweople's customers host the infringing code, Tweople is an indirect infringer. Tweople's customers infringe by distributing the infringing code, while Tweople has knowledge of the infringement and materially contributes to infringement by selling the infringing code to its customers.

50.     Where Tweople hosts the infringing code for its customers, Tweople is a direct infringer by distributing the infringing code. Tweople's customers profit from and have a direct financial interest in the infringement, because the use of the infringing code allows Tweople's customers to more effectively promote and sell its products and services by capturing, holding and prolonging the attention of the average online visitor, providing a direct positive impact on sales and/or the brand, public image and reputation of Tweople's customers. Tweople's customers also have the right and ability to supervise the infringement but fail to do so, because the website of Tweople's customers directs visitors to the location of the infringing code.

51.     Tweople touts hundreds, if not thousands of customers for whom it has provided its video spokesperson projects. Accordingly, Tweople may have sold and distributed software that infringes LFOW's Software to hundreds or thousands of websites, each of which subsequently distributes the infringing code to any website

visitors. As a result of Tweople's sale of its infringing code to its customers, it has committed both direct and indirect copyright infringement.

**D.    Tweople's Customers Infringe LFOW's Copyrights**

      **i)    CBSSports.com College Network**

52.    Upon information and belief, CBS operates CBSSports.com College Network ("CSN"). CSN is promoted as "the central resource for college sports and the category leader in the delivery of integrated multimedia solutions and internet services for University Athletic Departments, Conferences and Associations. With approximately 175 Official Athletic Sites in our network, CBSSports.com College Network focuses on content, functionality and intelligence to ensure the primary online point of entry for our partner's alumni and prospective students is state of the art in terms of technology, design and revenue-generating opportunities."

53.    Sometime in 2008, LFOW was contacted by CSN regarding use of LFOW's Software for use on CSN. Rather than accepting the packages offered by LFOW, CSN subsequently selected Tweople and its less expensive infringing code.

54.    CSN has implemented Tweople's infringing code on at least eleven different sites for college athletics. CSN uses Tweople's infringing code to advertise and promote each school's athletic programs. Each visitor to these school's CSN websites receives a copy of Tweople's code, an unlawful derivative work of LFOW's Software. Thus, each visit to a CSN-associated website using the infringing code is a separate act of infringement.

13

### ii)  Twenty First Century Health Care Consultants, Inc.

55.     Twenty First Century Health Care Consultants, Inc., is a Florida corporation that owns and operates the website http://1staccreditation.com.

56.     Upon information and belief, the website of Twenty First Century Health Care Consultants has operated using the Tweople infringing code, an unlawful derivative of LFOW's Software.

57.     Twenty First Century Health Care Consultants' copyright infringement of LFOW's Software is in its advertising, and was used to advertise its products and/or services.

58.     Each visitor to Twenty First Century Health Care Consultants' website is distributed a copy of the infringing code, which constitutes a separate act of continuing infringement.

### iii)  Helical Products Company, Inc.

59.     Helical Products Company, Inc., is a California corporation that owns and operates the website http://heli-cal.com.

60.     Upon information and belief, the website of Helical Products has operated using the Tweople infringing code, an unlawful derivative of LFOW's Software.

61.     Helical Products' copyright infringement of LFOW's Software is in its advertising, and was used to advertise its products and/or services.

62.     Each visitor to Helical Products' website is distributed a copy of the infringing code, which constitutes a separate act of continuing infringement.

### iv) ADS Consulting Corporation, Inc.

63.     ADS Consulting Corporation, Inc. is a Florida corporation that owns and operates the website http://virtualfleetsupervisor.com.

64.     Upon information and belief, the website of ADS Consulting Corporation has operated using the Tweople infringing code, an unlawful derivative of LFOW's Software.

65.     ADS Consulting Corporation's copyright infringement of LFOW's Software is in its advertising, and was used to advertise its products and/or services.

66.     Each visitor to ADS Consulting Corporation's website is distributed a copy of the infringing code, which constitutes a separate act of continuing infringement.

### v) Magic Village LLC

67.     Magic Village LLC is a Florida company that owns and operates the website http://magicvillage.com/.

68.     Upon information and belief, the website of Magic Village has operated using the Tweople infringing code, an unlawful derivative of LFOW's Software.

69.     Magic Village's copyright infringement of LFOW's Software is in its advertising, and was used to advertise its products and/or services.

70.     Each visitor to Magic Village's website is distributed a copy of the infringing code, which and constitutes a separate act of continuing infringement.

### vi) Mr. Checkout Distributors, Inc.

71.     Mr. Checkout Distributors, Inc. is a Florida corporation that owns and operates the website http://mrcheckout.net.

72.     Upon information and belief, the website of Mr. Checkout Distributors has operated using the Tweople infringing code, an unlawful derivative of LFOW's Software.

73.     Mr. Checkout Distributors' copyright infringement of LFOW's Software is in its advertising, and was used to advertise its products and/or services.

74.     Each visitor to Mr. Checkout Distributors' website is distributed a copy of the infringing code, which constitutes a separate act of continuing infringement.

**vii) Enlightened Capitalism LLC**

75.     Enlightened Capitalism LLC is a Florida company that owns and operates the website http://enlightenedcapitalism.biz/.

76.     Upon information and belief, the website of Enlightened Capitalism has operated using the Tweople infringing code, an unlawful derivative of LFOW's Software.

77.     Enlightened Capitalism's copyright infringement of LFOW's Software is in its advertising, and was used to advertise its products and/or services.

78.     Each visitor to Enlightened Capitalism's website is distributed a copy of the infringing code, which constitutes a separate act of continuing infringement.

**viii)   Florida EB5 Investments LLC**

79.     Florida EB5 Investments LLC is a Florida company that owns and operates the website http://floridaeb5investments.com.

80.     Upon information and belief, the website of Florida EB5 Investments has operated using the Tweople infringing code, an unlawful derivative of LFOW's Software.

81.     Florida EB5 Investments' copyright infringement of LFOW's Software is in its advertising, and was used to advertise its products and/or services.

82.     Each visitor to Florida EB5 Investments' website is distributed a copy of the infringing code, which constitutes a separate act of continuing infringement.

### ix) Southern Crematory, Inc.

83.     Southern Crematory, Inc., is a Florida company that owns and operates the website http://worthcremationservice.com.

84.     Upon information and belief, the website of Southern Crematory has operated using the Tweople infringing code, an unlawful derivative of LFOW's Software.

85.     Southern Crematory's copyright infringement of LFOW's Software is in its advertising, and was used to advertise its products and/or services.

86.     Each visitor to Southern Crematory's website is distributed a copy of the infringing code, which constitutes a separate act of continuing infringement.

### x) Dydacomp Development Corp.

87.     Dydacomp Development Corp., is a Delaware corporation that owns and operates the website http://freestylecommerce.com.

88.     Upon information and belief, the website of Dydacomp Development has operated using the Tweople infringing code, an unlawful derivative of LFOW's Software.

89.     Dydacomp Development's copyright infringement of LFOW's Software is in its advertising, and was used to advertise its products and/or services.

90.     Each visitor to Dydacomp Development's website is distributed a copy of the infringing code, which constitutes a separate act of continuing infringement.

### xi) Comfort-N-Mobility, Inc.

91.     Comfort-N-Mobility, Inc., is a Florida corporation that owns and operates the website http://comfortnmobility.com.

92.     Upon information and belief, the website of Comfort-N-Mobility has operated using the Tweople infringing code, an unlawful derivative of LFOW's Software.

93.     Comfort-N-Mobility's copyright infringement of LFOW's Software is in its advertising, and was used to advertise its products and/or services.

94.     Each visitor to Comfort-N-Mobility's website is distributed a copy of the infringing code, which constitutes a separate act of continuing infringement.

### xii) Clingan Capital Funding, LLC

95.     Clingan Capital Funding, LLC, is a Florida company that owns and operates the website http://clingancapital.com.

96.     Upon information and belief, the website of Clingan Capital Funding has operated using the Tweople infringing code, an unlawful derivative of LFOW's Software.

97.     Clingan Capital Funding's copyright infringement of LFOW's Software is in its advertising, and was used to advertise its products and/or services.

98.     Each visitor to Clingan Capital Funding's website is distributed a copy of the infringing code, which constitutes a separate act of continuing infringement.

### xiii)    Robert W. Astles, D.M.D., P.A.

99.     Robert W. Astles, D.M.D., P.A., is a Florida corporation that owns and operates the website http://drrobertastles.com.

100.    Upon information and belief, the website of Robert W. Astles, D.M.D., P.A. has operated using the Tweople infringing code, an unlawful derivative of LFOW's Software.

101.    Robert W. Astles, D.M.D., P.A.'s copyright infringement of LFOW's Software is in its advertising, and was used to advertise its products and/or services.

102.     Each visitor to Robert W. Astles, D.M.D., P.A.'s website is distributed a copy of the infringing code, which constitutes a separate act of continuing infringement.

**xiv)    The Doan Law Firm P.C.**

103.     The Doan Law Firm P.C., is a Texas corporation that owns and operates the website http://thedoanfirm.com.

104.     Upon information and belief, the website of Doan Law Firm has operated using the Tweople infringing code, an unlawful derivative of LFOW's Software.

105.     Doan Law Firm's copyright infringement of LFOW's Software is in its advertising, and was used to advertise its products and/or services.

106.     Each visitor to Doan Law Firm's website is distributed a copy of the infringing code, which constitutes a separate act of continuing infringement.

**xv) The Family Vending Co. Inc.**

107.     The Family Vending Co. Inc., is a Florida corporation that owns and operates the website http://thefamilyvendingcompany.com.

108.     Upon information and belief, the website of The Family Vending Co. has operated using the Tweople infringing code, an unlawful derivative of LFOW's Software.

109.     The Family Vending Co.'s copyright infringement of LFOW's Software is in its advertising, and was used to advertise its products and/or services.

110.     Each visitor to The Family Vending Co.'s website is distributed a copy of the infringing code, which constitutes a separate act of continuing infringement.

**xvi)    United California Discount Corporation**

111.     The United California Discount Corporation is a California corporation that owns and operates the website http://ucfactors.com.

112.    Upon information and belief, the website of United California Discount Corporation has operated using the Tweople infringing code, an unlawful derivative of LFOW's Software.

113.    The United California Discount Corporation's copyright infringement of LFOW's Software is in its advertising, and was used to advertise its products and/or services.

114.    Each visitor to United California Discount Corporation's website is distributed a copy of the infringing code, which constitutes a separate act of continuing infringement.

**xvii)   Victor V. Gammichia, D.D.S., P.A.**

115.    Victor V. Gammichia, D.D.S., P.A. is a Florida corporation that owns and operates the website http://asofttouchdental.com.

116.    Upon information and belief, the website of Victor V. Gammichia, D.D.S., P.A. has operated using the Tweople infringing code, an unlawful derivative of LFOW's Software.

117.    Victor V. Gammichia, D.D.S., P.A.'s copyright infringement of LFOW's Software is in its advertising, and was used to advertise its products and/or services.

118.    Each visitor to Victor V. Gammichia, D.D.S., P.A.'s website is distributed a copy of the infringing code, which constitutes a separate act of continuing infringement.

**xviii)   ZK Technology LLC**

119.    ZK Technology LLC is a New Jersey corporation that owns and operates the website http://ZKTechnology.com.

20

120.     Upon information and belief, the website of ZK Technology has operated using the Tweople infringing code, an unlawful derivative of LFOW's Software.

121.     ZK Technology's copyright infringement of LFOW's Software is in its advertising, and was used to advertise its products and/or services.

122.     Each visitor to ZK Technology's website is distributed a copy of the infringing code, which constitutes a separate act of continuing infringement.

### xix)     ExpressCare LLC

123.     ExpressCare LLC is a Maryland corporation that owns and operates the website http://whywaitintheer.com.

124.     Upon information and belief, the website of ExpressCare LLC has operated using the Tweople infringing code, an unlawful derivative of LFOW's Software.

125.     ExpressCare LLC's copyright infringement of LFOW's Software is in its advertising, and was used to advertise its products and/or services.

126.     Each visitor to ExpressCare LLC's website is distributed a copy of the infringing code, which constitutes a separate act of continuing infringement.

### xx) Barba Consulting Inc.

127.     Barba Consulting Inc. is a New Jersey corporation that owns and operates the website http://barbaconsulting.com.

128.     Upon information and belief, the website of Barba Consulting has operated using the Tweople infringing code, an unlawful derivative of LFOW's Software.

129.     Barba Consulting's copyright infringement of LFOW's Software is in its advertising, and was used to advertise its products and/or services.

130.    Each visitor to Barba Consulting's website is distributed a copy of the infringing code, which constitutes a separate act of continuing infringement.

**E.      Tweople Has Attempted to Pass-off LFOW's Software as its own**

131.    On January 13, 2009, LFOW duly registered the trademark "Live Face On Web", registration no. 77444118 ("LFOW mark"), which it has continuously used in commerce since registration. A copy of the trademark registration is attached hereto as Exhibit D. LFOW includes the LFOW mark on versions of LFOW Software since 2007.

132.    LFOW has spent a significant amount of time and expense in promoting the LFOW mark in connection with both computer software and video production for website-based video spokesperson technology.

133.    LFOW and Tweople offer the same products and services, advertised through the same marketing channels, to the same target customers.

134.    Upon information and belief, Tweople has purchased one or more "keywords" from Internet search providers, including but not necessarily limited to Google, for advertising using keywords including the LFOW mark or such that LFOW's customers and potential customers will be directed to Tweople.

135.    In addition to other modifications performed by Tweople in making an improper derivative work from LFOW's Software, Tweople has also removed the LFOW mark and instead has promoted the infringing software as its own in its advertising.

136.    Tweople's actions through its Internet advertising and by modifying the LFOW Software constitutes a violation of 15 U.S.C. §1125(a) in that Defendants have used and are using in its advertising, in relation to commercial activities, a false designation or origin, or a false or misleading description which is likely to cause

confusion, and to cause mistake, and to deceive, as to the affiliation, connection, or association of Tweople with LFOW as to the origin, sponsorship or approval of Tweople's commercial activities.

137.    LFOW has suffered, and will continue to suffer, irreparable harm resulting from the acts of unfair competition by Tweople. LFOW will suffer additional irreparable harm unless Tweople is enjoined by the Court from continuing those acts, which constitute unfair competition.

138.    LFOW has no adequate remedy at law.

139.    Tweople's acts of unfair competition are willful and this is an exceptional case within the meaning of 15 U.S.C. §1117.

## COUNT ONE
### Copyright Infringement as to Tweople

140.    LFOW herein restates and incorporates by reference into this Count the allegations of ¶¶ 1-139, above, inclusive.

141.    Count One is an action under 17 U.S.C. § 501 and 17 U.S.C. §506 for direct and indirect infringement of registered copyrights and the fraudulent use of copyright notices.

142.    LFOW is the owner of valid copyright registrations TXu001610432, TXu001610441 and Tx 7-605-244.

143.    LFOW has complied in all respects with the provisions of the Copyright Act, 17 U.S.C. §§ 101 *et seq.*, and all other laws governing copyright to secure the exclusive rights and privileges in and to the copyrights of the items identified herein.

144.   The past and ongoing use and distribution of the Tweople infringing code in its advertising, for sales to third parties, for use by third parties, and the removal of LFOW's copyright notices, results in actual damage to LFOW, including but not limited to the loss of licensing revenue, the profits on sales lost as a result of Tweople's infringement, and the diminution of the value of LFOW's rights.

145.   Tweople's actions reflect a voluntary and intentional violation of Tweople's known duties, thus constituting willful copyright infringement.

146.   Unless Tweople is restrained and enjoined from its unauthorized use and distribution of the Tweople infringing code, these injuries will continue to occur.

147.   Irreparable harm and injury to LFOW are imminent as a result of Tweople's conduct and LFOW is without an adequate remedy at law.

148.   Pursuant to 17 U.S.C. § 502(a), LFOW is entitled to an injunction restraining Tweople, its employees and agents, and all other persons acting in concert with them, from engaging in any further improper acts.

149.   Pursuant to 17 U.S.C. §§ 503(a) and 503(b), LFOW is entitled to an order impounding the infringing articles and the means by which such infringing articles were produced or reproduced.

150.   Pursuant to 17 U.S.C. § 504, LFOW is also entitled to recover actual damages and any profits of Tweople, or, alternatively, to recover statutory damages of $150,000 for each work infringed.

151.   Pursuant to 17 U.S.C. § 505, LFOW is entitled to an award of attorneys' fees and costs.

152.    Pursuant to 17 U.S.C. § 506, LFOW is entitled to recover statutory damages of $2,500 per each fraudulently removed copyright notice by Tweople.

WHEREFORE, LFOW asks this Court to enter preliminary and final orders and judgments as necessary to provide LFOW the following requested relief:

a)    Finding Tweople liable for copyright infringement by virtue of Tweople's past and ongoing unauthorized use of LFOW's Software;

b)    Finding Tweople's copyright infringement to be voluntary and an intentional violation of Tweople's known duties, and therefore willful;

c)    Finding LFOW to have suffered, and to continue suffering harm that is irreparable and otherwise without an adequate remedy at law;

d)    A permanent injunction under 17 U.S.C. §§502 and 503, enjoining Tweople from further infringement, including but not limited to the cessation of operation of Tweople's websites;

e)    An award of damages against Tweople under §504;

f)    An award under 17 U.S.C. § 505 allowing recover of the full costs of this action, including LFOW's reasonable attorneys' fees;

g)    An award under 17 U.S.C. §506 for damages as a result of each copyright notice that was removed by Tweople; and

h)    Such and other relief as the Court deems appropriate.

## COUNT TWO

### Copyright Infringement as to CBS

153.    LFOW herein restates and incorporates by reference into this Count the allegations of ¶¶ 1-139, above, inclusive.

154.    Count Two is an action under 17 U.S.C. § 501 for direct and indirect infringement of registered copyrights.

155.    LFOW is the owner of valid copyright registrations TXu001610432, TXu001610441 and Tx 7-605-244.

156.    LFOW has complied in all respects with the provisions of the Copyright Act, 17 U.S.C. §§ 101 et seq., and all other laws governing copyright to secure the exclusive rights and privileges in and to the copyrights of the items identified herein.

157.    The past and ongoing use and distribution of the Infringing Products, and the removal of LFOW's copyright notices, result in actual damage to LFOW, including but not limited to the loss of licensing revenue, the profits on sales lost as a result of CBS's infringement, and the diminution of the value of LFOW's rights.

158.    CBS's actions reflect a voluntary and intentional violation of CBS's known duties, thus constituting willful copyright infringement.

159.    Unless Defendant is restrained and enjoined from its unauthorized use and distribution of the infringing code, these injuries will continue to occur.

160.    Irreparable harm and injury to LFOW are imminent as a result of CBS's conduct and LFOW is without an adequate remedy at law.

161.    Pursuant to 17 U.S.C. § 502(a), LFOW is entitled to an injunction restraining CBS, its employees and agents, and all other persons acting in concert with them, from engaging in any further improper acts.

162.    Pursuant to 17 U.S.C. §§ 503(a) and 503(b), LFOW is entitled to an order impounding the infringing articles and the means by which such infringing articles were produced or reproduced.

163.    Pursuant to 17 U.S.C. § 504, LFOW is also entitled to recover actual damages and any profits of CBS, or, alternatively, to recover statutory damages of $150,000 for each work infringed.

164.    Pursuant to 17 U.S.C. § 505, LFOW is entitled to an award of attorneys' fees and costs.

WHEREFORE, LFOW asks this Court to enter preliminary and final orders and judgments as necessary to provide LFOW the following requested relief:

a)    Finding CBS liable for copyright infringement by virtue of CBS's past and ongoing unauthorized use of LFOW's Software;

b)    Finding CBS's copyright infringement to be voluntary and an intentional violation of CBS's known duties, and therefore willful;

c)    Finding LFOW to have suffered, and to continue suffering harm that is irreparable and otherwise without an adequate remedy at law;

d)    A permanent injunction under 17 U.S.C. §§502 and 503, enjoining CBS from further infringement, including but not limited to the cessation of operation of CBS's websites;

e)   An award of damages against CBS under §504;

f)   An award under 17 U.S.C. § 505 allowing recover of the full costs of this action, including LFOW's reasonable attorneys' fees; and

g)   Such and other relief as the Court deems appropriate.

### COUNT THREE

Copyright Infringement as to Remaining Defendants

165.   LFOW herein restates and incorporates by reference into this Count the allegations of ¶¶ 1-139, above, inclusive.

166.   Count Three is an action under 17 U.S.C. § 501 for direct and indirect infringement of registered copyrights as to Tweople customers identified in Sections III.D.ii)-III.D.xx).

167.   LFOW is the owner of valid copyright registrations TXu001610432, TXu001610441, and Tx 7-605-244.

168.   LFOW has complied in all respects with the provisions of the Copyright Act, 17 U.S.C. §§ 101 et seq., and all other laws governing copyright to secure the exclusive rights and privileges in and to the copyrights of the items identified herein.

169.   The past and ongoing use and distribution of the Infringing Products by Tweople's customers result in actual damage to LFOW, including but not limited to the loss of licensing revenue, the profits on sales lost as a result of Defendants' infringement, and the diminution of the value of LFOW's rights.

170.   Unless Defendants are restrained and enjoined from its unauthorized use and distribution of the Infringing Products and the LFOW Software Package, these injuries will continue to occur.

171.    Irreparable harm and injury to LFOW are imminent as a result of Defendants' conduct and LFOW is without an adequate remedy at law.

172.    Pursuant to 17 U.S.C. § 502(a), LFOW is entitled to an injunction restraining Defendants, their its employees and agents, and all other persons acting in concert with them, from engaging in any further improper acts.

173.    Pursuant to 17 U.S.C. §§ 503(a) and 503(b), LFOW is entitled to an order impounding the infringing articles and the means by which such infringing articles were produced or reproduced.

174.    Pursuant to 17 U.S.C. § 504, LFOW is also entitled to recover actual damages and any profits of Defendants, or, alternatively, to recover statutory damages of $150,000 for each work infringed.

175.    Pursuant to 17 U.S.C. § 505, LFOW is entitled to an award of attorneys' fees and costs.

WHEREFORE, LFOW asks this Court to enter preliminary and final orders and judgments as necessary to provide LFOW the following requested relief:

a)    Finding Defendants liable for copyright infringement by virtue of Defendants' past and ongoing unauthorized use of LFOW's Software;

b)    Finding Defendants' copyright infringement to be voluntary and an intentional violation of Defendants' known duties, and therefore willful;

c)  Finding LFOW to have suffered, and to continue suffering harm that is irreparable and otherwise without an adequate remedy at law;

d)  A permanent injunction under 17 U.S.C. §§502 and 503, enjoining Defendants from further infringement, including but not limited to the cessation of operation of Defendants' websites;

e)  An award of damages against Defendants under §504;

f)  An award under 17 U.S.C. § 505 allowing recover of the full costs of this action, including LFOW's reasonable attorneys' fees; and

g)  Such and other relief as the Court deems appropriate.

## COUNT FOUR
### Trademark Infringement and Passing Off as to Tweople

176.  LFOW re-alleges and incorporates by reference ¶¶ 1-139 as if fully set forth herein.

177.  Tweople has improperly and knowingly used the LFOW Mark in its advertising to create consumer confusion through the purchasing of Internet "key words."

178.  Tweople has knowingly removed the LFOW mark from the infringing Tweople code, which is offered for sale and sold in interstate commerce in connection with the sale of services in the same industry as LFOW. The Tweople infringing code, and therefore the trademark infringement, is also use in Tweople's advertising of its products and services. Tweople's actions constitute infringement of LFOW's copyrights, trademarks and slogan in its advertising, as well as misappropriation of LFOW's advertising ideas.

179. Tweople's use of LFOW's mark and improper modification of LFOW's software is without license or permission.

180. Tweople's use of the LFOW mark and sale of its infringing code is likely to cause, has caused, and will continue to cause, confusion among customers as to the origin, sponsorship or approval of Tweople's infringing code.

181. Tweople's actions are in violation of 15 U.S.C. §1125(a) in that Tweople has used and is using, in relation to commercial activities, trademark infringement and a false designation or origin, or a false or misleading description which is likely to cause confusion, and to cause mistake, and to deceive, as to the affiliation, connection, or association of Tweople with LFOW as to the origin, sponsorship or approval of Tweople's commercial activities.

182. LFOW has suffered, and will continue to suffer, irreparable harm resulting from the acts of unfair competition by Tweople. LFOW will suffer additional irreparable harm unless Tweople is enjoined by the Court from continuing those acts, which constitute unfair competition.

183. LFOW has no adequate remedy at law.

184. LFOW's acts of unfair competition are willful and this is an exceptional case within the meaning of 15 U.S.C. §1117.

WHEREFORE, LFOW asks this Court to enter preliminary and final orders and judgments as necessary to provide LFOW the following requested relief:

a) Finding Tweople liable for unfair competition, trademark infringement and passing off by virtue of Tweople's use of the

LFOW mark and past and ongoing modification of LFOW's Software;

b) Finding Tweople's infringement to be voluntary and an intentional violation of Tweople's known duties, and therefore willful;

c) Finding LFOW to have suffered, and to continue suffering harm that is irreparable and otherwise without an adequate remedy at law;

d) A permanent injunction under 15 U.S.C. §1116, enjoining Tweople from further infringement, including but not limited to the cessation of operation of Tweople's websites;

e) Under the authority of 15 U.S.C. §§ 1117(a) and 1125, an award of Tweople's profits, any damages sustained by LFOW and costs and attorney's fees as a result of the aforementioned unlawful conduct of Defendant; and

f) Such and other relief as the Court deems appropriate.

## JURY DEMAND

LFOW demands a jury trial on all issues so triable.

Respectfully submitted January 10, 2014.

Ryan T. Santurri, FL Bar No. 015698
rsanturri@addmg.com
ALLEN, DYER, DOPPELT,
MILBRATH & GILCHRIST, P.A.
255 South Orange Avenue, #1401
Orlando, FL  32801
Telephone:      (407) 841-2330
Facsimile:      (407) 841-2343

Counsel for Plaintiff,
Live Face on Web, LLC