UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

LIVE FACE ON WEB, LLC,

     Plaintiff,

v.                                           Case No:   6:14-cv-44-Orl-22TBS

TWEOPLE, INC., TWENTY FIRST
CENTURY HEALTH CARE
CONSULTANTS, INC., ADS
CONSULTING CORPORATION, INC.,
MAGIC VILLAGE LLC, MR. CHECKOUT
DISTRIBUTORS, INC., ENLIGHTENED
CAPITALISM LLC, FLORIDA EB5
INVESTMENTS LLC, SOUTHERN
CREMATORY, INC., COMFORT-N-
MOBILITY, INC., CLINGAN CAPITAL
FUNDING, LLC, ROBERT W. ASTLES,
D.M.D., P.A., THE FAMILY VENDING
CO. INC., VICTOR V. GAMMICHIA,
D.D.S., P.A., HELICAL PRODUCTS
COMPANY, INC., UNITED CALIFORNIA
DISCOUNT CORPORATION, CBS
CORPORATION, DYDACOMP
DEVELOPMENT CORP., DOAN LAW
FIRM, P.C., ZK TECHNOLOGY LLC,
BARBA CONSULTING INC. and
EXPRESSCARE LLC,

     Defendants.

_____

## ORDER

     Pending before the Court is the Motion to Stay Discovery Pending Resolution of

Defendant's Motion to Dismiss or, in the Alternative, for an Unopposed Extension of Time

to Respond to Plaintiff's Discovery Requests and to Provide Rule 26 Initial Disclosures,

filed by Defendant The Doan Law Firm P.C. ("Doan") (Do.171).   Pursuant to M.D. FLA. R.

3.01(g), counsel for this defendant represents that Plaintiff's attorney has been contacted

and that he "agrees to a thirty (30) day extension on discovery for The Doan Law Firm but otherwise opposes the motion."  (Id. at 9).

The motion relies upon Chudasama v. Mazda Corporation, 123 F.3d 1353, 1367-68 (11th Cir. 1997) for the general proposition that discovery should be stayed until a pending motion to dismiss is resolved.   Contrary to Doan's argument, "there is no general rule that discovery be stayed while a pending motion to dismiss is resolved." Reilly v. Amy's Kitchen, Inc., 2013 WL 3929709, *1 (S.D. Fla. July 31, 2013) (citing Ray v. Spirit Airlines, Inc., 2012 WL 5471793, *3 (D.D. Fla. Nov. 9, 2012) (citing Chudasama); see also Jones v. Bank of America Corp., 2013 WL 5657700, *2 (M.D. Fla. Oct. 15, 2013) (denying motion to stay discovery pending resolution of motion to dismiss).   What Chudasama and its progeny stand for is the "proposition that courts should not delay ruling on a likely meritorious motion to dismiss while undue discovery costs mount." Koock v. Sugar & Felsenthal, LLP, 2009 WL 2579307, *2 (M.D. Fla. Aug. 19, 2009) (citing In re Winn Dixie Stores, Inc., 2007 WL 1877887, *1 (M.D. Fla. June 28, 2007).

A general stay of discovery against Doan is also not appropriate because Plaintiff is pursuing claims against multiple Defendants, and based upon the averments in Plaintiff's response to Doan's motion to dismiss, it appears that even if the motion to dismiss is granted, Doan will still be subject to discovery due to the pendency of Plaintiff's claims against other Defendants including Tweople, Inc.

Accordingly, Doan's motion is **GRANTED in part and DENIED in part**.   The motion is **granted** to the extent Doan seeks a thirty (30) day extension of time to respond to Plaintiff's discovery requests and provide Rule 26 disclosures.   The motion is **denied** in all other respects.

**IT IS SO ORDERED**.

**DONE** and **ORDERED** in Orlando, Florida on April 29, 2014.

THOMAS B. SMITH
United States Magistrate Judge

Copies furnished to Counsel of Record