**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**ORLANDO DIVISION**

**LIVE FACE ON WEB, LLC,**

**Plaintiff,**

**v.**                                                                        **Case No:   6:14-cv-44-Orl-22TBS**

**TWEOPLE, INC., TWENTY FIRST**
**CENTURY HEALTH CARE**
**CONSULTANTS, INC., ADS**
**CONSULTING CORPORATION, INC.,**
**MAGIC VILLAGE LLC, MR.**
**CHECKOUT DISTRIBUTORS, INC.,**
**ENLIGHTENED CAPITALISM LLC,**
**FLORIDA EB5 INVESTMENTS LLC,**
**SOUTHERN CREMATORY, INC.,**
**CLINGAN CAPITAL FUNDING, LLC,**
**ROBERT W. ASTLES, D.M.D., P.A.,**
**THE FAMILY VENDING CO. INC.,**
**VICTOR V. GAMMICHIA, D.D.S., P.A.,**
**HELICAL PRODUCTS COMPANY,**
**INC., DYDACOMP DEVELOPMENT**
**CORP., ZK TECHNOLOGY LLC,**
**BARBA CONSULTING INC., LIVE**
**FACE ON WEB, LLC, TWEOPLE,**
**INC., TWEOPLE, INC., TWEOPLE,**
**INC., TWEOPLE, INC., LIVE FACE ON**
**WEB, LLC, TWEOPLE, INC. and**
**TWEOPLE, INC.,**

**Defendants.**

---

**ORDER**

This cause comes before the Court on the Motions to Dismiss of Defendant Victor V.

Gammichia, D.D.S., P.A. ("Gammichia") (Doc. No. 80); Defendant The Family Vending Co. Inc.

("Family Vending") (Doc. No. 127); and Defendant Barba Consulting Inc. ("Barba") (Doc. No.

140).[1] Plaintiff Live Face on Web, LLC ("Plaintiff") filed Responses to Family Vending's and Barba's[2] Motions (Doc. Nos. 146, 150, respectively). With leave of Court, Barba filed a Reply in support of its Motion (Doc. No. 179).

## I. BACKGROUND

Plaintiff, a Pennsylvania limited liability company, asserts claims for copyright infringement against all of the Defendants in this case, as well as a claim for trademark infringement and passing off against Defendant Tweople, Inc. ("Tweople") only. (Compl. (Doc. No. 1) ¶¶ 141, 154, 166, 177-81.) According to Plaintiff's Complaint, Tweople copied certain software codes that Plaintiff had originally created and copyrighted, and used the allegedly infringing codes in its sale of video spokesperson projects to its customers for use on the customers' websites. (Compl. ¶¶ 41, 47-51.) Plaintiff alleges that the other Defendants are customers of Tweople who purchased the video spokesperson projects containing the allegedly infringing software codes, whose websites operate using the allegedly infringing software code, and who use the software to advertise their products and services. (Compl. ¶¶ 47-129.)

Count Three pleads a claim for copyright infringement against all of the Defendants except Tweople and former Defendant CBS Corporation. This count purports to be an action "for direct and indirect infringement of registered copyrights as to Tweople customers identified in Sections III.D.ii—III.D.xx" of the Complaint. Those paragraphs, in turn, state that each Tweople customer owns and operates a website, that each website "has operated using the Tweople infringing code,"

---

[1] Collectively, Gammichia, Family Vending, and Barba will be referred to as "Defendants."

[2] Gammichia did not file an independent Motion to Dismiss; instead, it joined in the Motion of former Defendant Comfort-N-Mobility, Inc. (*See* Doc. No. 51.)

and that each visitor to the customer's website "is distributed a copy of the infringing code." (Compl. ¶¶ 107-110, 115-118, 127-130.) Plaintiff appears to plead in the alternative that either a given customer-Defendant hosts the infringing code on its own website, or Tweople hosts the code on the customer's behalf. The customers allegedly infringe "[e]ach time a web browser retrieves a page from a Tweople customer['s]" website, because "a new copy of the infringing code is automatically distributed to the website visitor." (Compl. ¶ 48.) Plaintiff claims that the customers' infringement takes one of two forms: direct, when "Tweople's customers host the infringing code" and "infringe by distributing the infringing code" to each website visitor, (Compl. ¶ 49); and indirect, when "Tweople hosts the infringing code for its customers," (Compl. ¶ 50).

## II. LEGAL STANDARD

For purposes of deciding a motion to dismiss for failure to state a claim under Rule 12(b)(6), the Court accepts as true the factual allegations in the complaint and draws all reasonable inferences in the light most favorable to the plaintiff. *Randall v. Scott*, 610 F.3d 701, 705 (11th Cir. 2010). "Generally, under the Federal Rules of Civil Procedure, a complaint need only contain 'a short and plain statement of the claim showing that the pleader is entitled to relief.'" *Id.* (quoting Fed. R. Civ. P. 8(a)(2)). However, the plaintiff's complaint must provide "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570, 127 S. Ct. 1955, 1974 (2007). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678, 129 S. Ct. 1937, 1949 (2009) (citing *Twombly*, 550 U.S. at 556). Thus, the Court is not required to accept as true a legal conclusion merely because it is labeled a "factual allegation" in the complaint; it must also meet the threshold inquiry of facial plausibility. *Id.*

## III. ANALYSIS

Copyright infringement can be either direct or indirect, with the latter further divided into vicarious and contributory infringement. *BUC Int'l Corp. v. Int'l Yacht Council, Ltd.*, 489 F.3d 1129, 1138 n.19 (11th Cir. 2007). Plaintiff alleges that the Complaint sufficiently pleads claims for all three types of infringement against Tweople's customers.

### A. Direct Infringement

The Copyright Act defines infringement as a violation of "the exclusive rights of the copyright owner" as defined elsewhere in the Act. 17 U.S.C. § 501(a). "To establish infringement, two elements must be proven: (1) ownership of a valid copyright, and (2) copying of constituent elements of the work that are original." *Baby Buddies, Inc. v. Toys R Us, Inc.*, 611 F.3d 1308, 1315 (11th Cir. 2010) (quoting *Feist Publ'ns, Inc. v. Rural Tel. Serv. Co., Inc.*, 499 U.S. 340, 361, 111 S. Ct. 1282, 1296 (1991)). Defendants appear to concede, at least at this stage, that Plaintiff owns a valid copyright. A plaintiff may prove the second element, copying, with direct or circumstantial evidence, although the former kind is often hard to come by. *Id.* To prove infringement circumstantially, the plaintiff must demonstrate that the defendant's work is "strikingly similar" to the copyrighted work if the defendant lacked access to the work, or "substantially similar" if the plaintiff can prove that the defendant had access to the work. *Id.* (citations omitted). The absence of intent to infringe is no defense; a defendant who directly infringes upon the exclusive rights of a copyright owner is liable even if the infringement was "innocent" or "accidental." *Pinkham v. Sara Lee Corp.*, 983 F.2d 824, 829 (8th Cir. 1992) (citations omitted); *M.L.E. Music Sony/ATV Tunes, LLC v. Julie Ann's, Inc.*, No. 8:06-cv-1902-T-17-EAJ, 2008 WL 2358979, at *2 (M.D. Fla. June 9, 2008) (citation omitted).

Defendants assert that they are not liable under a direct infringement theory because they committed no "volitional" conduct to cause the alleged infringement. Defendants' argument relies on a line of cases dealing with websites or other internet services that allow third-party users to exchange digital content that may infringe existing copyrights. These cases take the position that the online intermediary cannot be directly liable because it does not take any volitional action to infringe; in other words, "something more must be shown than mere ownership of a machine used by others to make illegal copies." *Disney Enters., Inc. v. Hotfile Corp.*, 798 F. Supp. 2d 1303, 1307-08 (S.D. Fla. 2011) (quoting *CoStar Grp., Inc. v. Loopnet, Inc.*, 373 F.3d 544, 550 (4th Cir. 2004)); *see also Cartoon Network LP, LLLP v. CSC Holdings, Inc.*, 536 F.3d 121, 130-33 (2d Cir. 2008); *Religious Tech. Ctr. v. Netcom On-Line Commc'n Servs., Inc.*, 907 F. Supp. 1361, 1368-70 (N.D. Cal. 1995) ("Although copyright is a strict liability statute, there should still be some element of volition or causation which is lacking where a defendant's system is merely used to create a copy by a third party.").

The facts alleged in the Complaint are distinguishable from the online intermediary cases discussed above. The Complaint does not allege that Defendants' websites innocently connect one potential third-party infringer with another; rather, the allegations state that each visitor "is distributed a copy of the infringing code" by either Tweople or its customer upon arrival. (Compl. ¶¶ 110, 118, 130.) To the extent that the cases discussing "volitional conduct" are even applicable, the Complaint satisfies that stricture by alleging that certain customers distributed code that Tweople sold to them as part of "packages that include videos tailored to the specific business of each customer of Tweople, executed by the infringing code." (Compl. ¶ 47.) In other words, the Complaint sustains a reasonable inference that Tweople's customers arranged for the infringing code to be accessible through their websites. Notwithstanding the foregoing, there are insufficient

allegations to sustain a claim for direct infringement against those customers for whom Tweople

hosted the infringing code, because the Complaint only alleges direct infringement against the

entities that distributed the code. (*Compare* Compl. ¶ 49 *with* Compl. ¶ 50.) Thus, Plaintiff has

successfully pleaded a claim for direct infringement against the Tweople customers that hosted the

infringing code themselves, but not against those customers for whom Tweople hosted the code.

**B. Indirect Infringement**

Vicarious and contributory copyright infringement are not defined by statute, but have been

judicially derived from common law. *BUC Int'l*, 489 F.3d at 1138 n.19. Vicarious liability arises

"when the defendant profits directly from the infringement and has a right and ability to supervise

the direct infringer, even if the defendant initially lacks knowledge of the infringement." *Id.*

(quoting *Metro-Goldwyn-Mayer Studios Inc. v. Grokster, Ltd.*, 545 U.S. 913, 930 n.9, 125 S. Ct.

2764, 2776 n.9 (2005)). Contributory liability, in contrast, requires the defendant, with knowledge

of the infringing activity, to intentionally induce, encourage, or contribute to the infringing conduct

of another person or entity. *Casella v. Morris*, 820 F.2d 362, 365 (11th Cir. 1987) (citation

omitted); *see also BUC*, 489 F.3d at 1138 n.19; *Cable/Home Commc'n Corp. v. Network Prods.,*

*Inc.*, 902 F.2d 829, 845-46 (11th Cir. 1990). To "induce," in this context, means to "distribute[] a

device with the object of promoting its use to infringe copyright, as shown by clear expression or

other affirmative steps taken to foster infringement." *Metro-Goldwyn-Mayer Studios*, 545 U.S. at

936-37.

Defendants assert that the allegations of indirect infringement should be dismissed because

the Complaint does not state which of these theories it relies upon. On the contrary, the Complaint

plainly states that "Tweople's customers profit from and have a direct financial interest in the

infringement" and "Tweople's customers also have the right and ability to supervise the

infringement[,] but fail to do so." (Compl. ¶ 50.) These claims are an almost word-for-word recitation of the standard for vicarious liability. The Complaint includes a factual basis for inferring a principle/agent relationship between the customers and Tweople by alleging that "Tweople sells packages that include videos tailored to the specific business of each customer of Tweople, executed by the infringing code." (Compl. ¶ 47.) Thus, the Court can reasonably infer that Plaintiff has pleaded a plausible claim for vicarious infringement against the customers for whom Tweople hosted videos with infringing software.[3]

## C. Collective Pleading

Defendants assert that Plaintiff's collective pleading is improper, and that Plaintiff should have pleaded its allegations in separate counts. Rule 10 provides that separate pleading is desirable "[i]f doing so would promote clarity." Fed. R. Civ. P. 10(b). Given the unique factual allegations of this Complaint, the Court finds that collective pleading promotes brevity without sacrificing clarity. Although it is not clear which type of infringement—direct or vicarious—applies to each individual Defendant, the Court construes the Complaint to plead in the alternative. If a given customer hosted the infringing code on its own website, then paragraph 49 indicates that the customer is liable for directly infringing the copyrighted software. If Tweople hosts the infringing code on behalf of the customer, then paragraph 50 alleges that the customer is liable for indirect infringement. The customers presumably know the details of their arrangement with Tweople; to require Plaintiff to craft its allegations based on the specifics of those arrangements at this stage would impermissibly alter the notice pleading standard of Rule 8.

---

[3] Contrary to Plaintiff's argument in its Responses to the instant Motions, the allegation that the customers' websites "direct[] visitors to the location of the infringing code," (Compl. ¶ 50), does not plausibly support the knowledge element of a claim for contributory infringement. For this reason, the Complaint fails to state a claim under that theory of liability.

### IV. CONCLUSION

Based on the foregoing, it is ordered as follows:

1.      Defendant Victor V. Gammichia, D.D.S., P.A.'s Motion to Dismiss (Doc. No. 80),

filed March 14, 2014, is **DENIED**.

2.      Defendant The Family Vending Co. Inc.'s Motion to Dismiss (Doc. No. 127), filed

March 28, 2014, is **DENIED**.

3.      Defendant Barba Consulting Inc.'s Motion to Dismiss (Doc. No. 140), filed April

3, 2014, is **DENIED**.

**DONE** and **ORDERED** in Chambers, in Orlando, Florida on June 23, 2014.


ANNE C. CONWAY
United States District Judge




Copies furnished to:

Counsel of Record
Unrepresented Parties