IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

| | |
|---|---|
| LIVE FACE ON WEB, LLC, | ) |
| | ) |
| Plaintiffs, | ) Case No: 6:14-cv-00044-ACC-TBS |
| | ) |
| vs. | ) |
| | ) |
| TWEOPLE, INC.; TWENTY FIRST CENTURY | ) |
| HEALTH CARE CONSULTANTS, INC.; | ) |
| ADS CONSULTING CORPORATION, INC.; | ) |
| MAGIC VILLAGE LLC; | ) |
| MR. CHECKOUT DISTRIBUTORS, INC.; | ) |
| ENLIGHTENED CAPITALISM LLC; | ) |
| FLORIDA EB5 INVESTMENTS LLC; | ) |
| SOUTHERN CREMATORY, INC.; | ) |
| COMFORT-N-MOBILITY, INC.; | ) |
| CLINGAN CAPITAL FUNDING, LLC; | ) |
| ROBERT W. ASTLES, D.M.D., P.A.; | ) |
| THE FAMILY VENDING CO. INC.; | ) |
| VICTOR V. GAMMICHIA, D.D.S., P.A.; | ) |
| HELICAL PRODUCTS COMPANY, INC.; | ) |
| UNITED CALIFORNIA DISCOUNT CORP.; | ) |
| CBS CORPORATION; | ) |
| DYDACOMP DEVELOPMENT CORP.; | ) |
| DOAN LAW FIRM P.C.; | ) |
| ZK TECHNOLOGY LLC; | ) |
| BARBA CONSULTING INC.; and | ) |
| EXPRESSCARE LLC; | ) |
| | ) |
| Defendants. | ) |

**TWEOPLE, INC.'S MOTION TO COMPEL PRODUCTION**

Defendant Tweople, by and through counsel and pursuant to Fed. R. Civ. P. 37 and M.D.

Fla. L. R. 3.04(a), moves this Court to compel Plaintiff to respond to Tweople's discovery

1

requests as set forth below and award Tweople reasonable expenses and attorney's fees in preparing this motion.

**Introduction**

Plaintiff LFOW filed this case against Tweople and twenty of its customers alleging copyright infringement and trademark infringement. On the same day, LFOW filed another case in New Jersey alleging copyright infringement against four other of Tweople's customers. LFOW has since filed another case in Maryland against one of the parties dismissed from this case. See Tweople's Motion under Rule 26(c) for Protective Order (DE #243), at pp. 5-6.

In its Rule 26 disclosures served on May 5, 2014, LFOW indicated that it would identify: "Current or former employees of Live Face on Web who have information supporting Plaintiff's claims and defenses; knowledge as to the registered software; knowledge as the registered trademark." See Ex. 1. Now four months later and despite assurances as recently as last week that it would produce this information, LFOW still has yet to make those disclosures.

Tweople served discovery on LFOW on May 5, 2014, and LFOW responded on June 4, 2014. Due to perceived inadequacies in LFOW's responses, Tweople sent a letter to LFOW's counsel on June 27, 2014 ("the Tweople Letter"), requesting that the certain responses needed to be updated and/or clarified. See Ex. 2. More than a month later, on August 5, 2014, LFOW responded to the Tweople Letter with a response ("the Response"). Ex. 3.

In a telephone conference on August 12, 2014, and in subsequent correspondence, LFOW agreed to produce documents to show ownership of the software, but as of yet has failed to provide those documents. Additionally, LFOW indicated that the publicly available versions of the software have been identified and that Tweople has not identified any others. Finally, when

2

discussing Requests for Production 42 and 43, LFOW indicated that the answer was "No for now." However, LFOW has not followed up and has not produced any more documents.

LFOW should be made to provide adequate responses and/or documents immediately as the majority of these documents must be readily at hand.

**Rule 26 Disclosures:**

LFOW has repeatedly indicated that it would produce the information relevant to the corporate structure of LFOW and the overlapping information indicated in its Rule 26 disclosures. Despite assurances from LFOW that the information had either already been produced or would be produced, Tweople has yet to receive this information. In particular, LFOW indicated that it would identify current or former employees of Live Face on Web who have information supporting Plaintiff's claims and defenses; knowledge as to the registered software; knowledge as the registered trademark." See Ex. 1. Other than supplying the name of Yury Getsky and Eduard Shcherbakov, through indirect means, LFOW has provided no other information. This material is critical to the allegations in the complaint and potentially to Tweople's affirmative defenses.[1]

The copyright registrations all indicate that LFOW is the author of the code at issue as a work for hire. LFOW has indicated (Ex. 3) that "Eduard Scherbakov [sic] is the sole author of the asserted works." Id. However, LFOW has failed to provide any evidence that the code rightfully belongs to LFOW. A work made for hire is one that is either prepared within the scope of employment, or a specially commissioned work that is agreed to in a written instrument by the

---

[1] Tweople has alleged as an affirmative defense that LFOW does not own or have rights in the material. DE #142. Infringement requires two elements: "(1) ownership of a valid copyright, and (2) copying of constituent elements of the work that are original." Feist Publ'ns, Inc. v. Rural Tel. Serv. Co., 499 U.S. 340, 361, 111 S.Ct. 1282, 113 L.Ed. 2d 358 (1991). Thus, LFOW bears the burden of proving that it owns the copyrights. See Saregama India, Ltd. v. Mosley, 635 F.3d 1284, 1290 (11th Cir. 2011).

parties. 17 U.S.C. § 101. See also MGB Homes, Inc. v. Ameron Homes, Inc., 903 F. 2d 1486, 1492 (11th Cir. 1990) (quoting Community for Creative Non-Violence v. Reid, 490 U.S. 730, 750-51 (1989): "To determine whether a work is for hire under the Act, a court first should ascertain, using principles of general common law of agency, whether the work was prepared by an employee or an independent contractor. After making this determination, the court can apply the appropriate subsection of § 101.") Without any information about Mr. Shcherbakov's relationship to the Plaintiff or any writings relevant thereto, LFOW has failed to carry its burden of proving that LFOW is the owner and therefore the correct party to be bringing this action. Contrary to LFOW's assertion, the structure of LFOW and Mr. Shcherbakov's relationship thereto is not only vital to the issue of copyright authorship and ownership, but also to LFOW's standing in this case and is, therefore, not nonsensical. See Ex. 3 at p. 2.

Tweople's concern about the structure of LFOW has merit. Tweople has been able to find only one publicly-available document regarding LFOW, and that document only identifies the organizer of LFOW. See Ex. 4. The organizer of LFOW is identified as Auto Listing Services, whose president is Olga Shcherbakov, Mr. Shcherbakov's mother. See Ex. 5. However, that may not be case. In a case brought in Washington State by Microsoft Corp. for sending misleading, deceptive and unsolicited commercial emails (Exs. 6A and 6B), resulting in a default judgment against Messers Shcherbakov and Getsky for $10,320,000.00, Ms. Shcherbakov was originally named as a defendant because she was listed as the owner of Saje Technologies, Inc.[2] However, in an affidavit, Ms. Shcherbakov testified that she was put on the Saje corporate papers by

---

[2]In another suit filed against Mr. Shcherbakov and his companies Saje Technologies, Inc. and Saje International, Inc. by a former business associate, a default judgment for $1,011,510.80 was entered for failing to respond to that suit as well. See Ex. 7.

accident and that Edward Shcherbakov[3] and Yuriy Getsky were the correct incorporators.[4] Ms. Shcherbakov was later dismissed from the suit, and Messers Shcherbakov and Getsky were included as parties. For this additional reason, Tweople is entitled to know the correct entities for LFOW and how the transfer of the copyrights occurred.

Tweople is also entitled to the other information promised in LFOW's Rule 26 disclosures.

Tweople notes that similar information was the subject of requests in Requests for Production 4, 5, and 16:

REQUEST FOR PRODUCTION 4:
All documents and things showing the corporate structure of Plaintiff, including all officers, directors, managers, and members, and their roles, positions, responsibilities, and ownership interests.

ANSWER: LFOW objects to this request as overly broad, unduly burdensome and not reasonably calculated to lead to the discovery of admissible evidence.

REQUEST FOR PRODUCTION 5:
All documents and things sufficient to show the duty or role of Yuri Getsky and Eduard Shcherbakov in Plaintiff.

ANSWER: LFOW objects to this request as overly broad and unduly burdensome to the extent it seeks "all" documents. Subject to these objections, LFOW will produce representative documents showing the duties of Messrs. Getsky and Shcherbakov at a mutually agreeable time and place, to the extent such documents exist.

REQUEST FOR PRODUCTION 16:
All documents and things relating to any agreements, licenses and/or assignments (including but not limited to copyright assignments, work for hire agreements, employment contracts) related to any content of LFOW'S Software.

---

[3] Apparently Mr. Shcherbakov spells his first name in at least two ways: "Eduard" as indicated in this case and the business associate case in Ex. 7, and "Edward" as in the Microsoft case.

[4] The amended complaint names both Mr. Shcherbakov and Mr. Getsky individually as well as their company Saje Technologies, Inc. and alleges two violations of The Computer Fraud and Abuse Act, as well as trespass, conversion, violation of the Washington Commercial Electronic Mail Act, Consumer Protection Act, New York Gen. Bus. Laws, and Violation of the Lanham Act.

ANSWER: LFOW objects to this request as overly broad and unduly burdensome to the extent it seeks "all" documents. LFOW further objects to the extent this request seeks material protected by the attorney-client and/or work-product privileges. LFOW further objects to this request as not reasonably calculated to lead to the discovery of admissible evidence.

Since these documents are vital to show whether LFOW has a valid copyright registration, the first element to prove infringement, LFOW must produce any such information.

**Interrogatories:**

Tweople also requests that the Court order complete answers and accompanying documents for the following interrogatory:

INTERROGATORY NO. 3 :

Identify all versions of LFOW's Software.

ANSWER: LFOW objects to this interrogatory as overly broad and unduly burdensome to these extent it seeks the identity of all of LFOW's software with customer-specific parameter changes. LFOW further objects to this interrogatory as not reasonably calculated to lead to the discovery of admissible evidence to the extent it seeks the identity of code that was never publicly-available. Subject to these objections, the following is a list of versions of its JavaScript code that have been publicly-available: Versions 1.0.0, 2.0.1, 5.0.1, 5.0.1-None, 5.0.3, 5.0.4, 5.0.4-Custom, 6.0.1, 6.0.2, 6.0.3, 6.0.3-Custom, 7.0.0, 7.0.1, 9.1.1, 10.0.0, and 11.0.0.

Tweople knows that the answer is incorrect and that there are other publicly available versions. In the Tweople Letter, Tweople made it clear to LFOW that there were other versions, but in the Response, LFOW simply states that it "believes" the answer is correct. Exs. 2 and 3. LFOW has failed to take its duty to perform a reasonable inquiry seriously, even after having been notified of the error. Rule 26(g), Fed. R. Civ. P. A review of the public records shows that LFOW registered a version 5.0.5 with the Copyright Office, and even filed suit in the Eastern District Of Pennsylvania for copyright infringement of that registration against radio personality Howard Stern Productions et al. See Exs. 8A and 8B and Exhibit A thereto for the copyright registration.

LFOW has indicated on the copyright registrations asserted in this case and admitted to Tweople in discovery that the copyright registrations at issue are derivative works. Thus, all prior versions of the code are not only relevant, but important to the determination of the material covered by each of the copyright registrations.

Tweople also knows that there are more publicly-available versions of LFOW's software that LFOW has yet to identify. Tweople is entitled to get the correct information from LFOW, not simply what it "believes" to be correct.

LFOW has also failed to produce each version of the software, even copies of which it is aware (versions 1.0.0, 9.1.1 and 11.0.0 have not been produced). While Tweople would like to believe that this is simply an oversight, Tweople requests that along with the order to identify all versions, that LFOW be made to produce each version.

**Request for Production**

In its Request for the Production of Documents, Tweople asked for the IP addresses used by LFOW and its counsel. The IP addresses used by LFOW is important to Tweople's counterclaims regarding access to Tweople's computers and servers under its Third and Fourth Claims for Relief. See DE #142 and footnote 3, supra.

The requests at issue are:

REQUEST FOR PRODUCTION 42:
All documents and things showing each IP address used by the Plaintiff and counsel used to investigate each website as alleged in the Santurri Letter.

ANSWER: LFOW objects to this request as not reasonably calculated to lead to the discovery of admissible evidence.

REQUEST FOR PRODUCTION 43:
All documents and things showing each IP address used by the Plaintiff, whether assigned to Plaintiff or used by Plaintiff as a proxy since 2007.

ANSWER: LFOW objects to this request as not reasonably calculated to lead to the discovery of admissible evidence.

As detailed in the First Amended Answer (DE #142), there have been a number of attacks on Tweople's computers by a number of different IP addresses. Tweople has also produced information showing that LFOW tried to access Tweople's servers using the proxy service hidemyass.com.[5] See First Amended Answer (DE #142) at pp. 35-36 and Ex. 11. There are a number of IP addresses that have been going directly to the websites of Tweople's customers. Ex. 9. However, many of these website addresses are not on Tweople's examples page, its YouTube page, or listed on any publicly-available list. These websites were visited only because the people with these different IP addresses knew exactly where to go. Tweople finds it difficult to believe that out of millions and perhaps billions of websites, all of these different IP addresses can go directly to the websites of Tweople's customers. Moreover, LFOW has admitted that at least one of the customers sued in this case was as a result of accessing flash.yourvideopartner.com, proving that LFOW has accessed the files there. In fact, LFOW has copied lots of information from Tweople's computers, so much information that LFOW needs an external hard drive from Tweople to produce that information. The information concerning these IP addresses is directly tied to the counter claims that LFOW is trying to have dismissed. See DE #162. LFOW should not be allowed to delay the production any longer as this information is relevant to this Court's decision on LFOW's motion to dismiss Tweople's counterclaims.

---

[5] In response to a request to admit, Plaintiff denied the use of hidemyass.com. However, as shown above, LFOW has provided incorrect responses in discovery and Tweople has provided evidence that LFOW did in fact attempt to access Tweople's computers with a proxy service.

While LFOW is the party making the most noise about stifling the rights of others (see DE #249 at p. 7), it is LFOW that has, at every turn, tried to prevent Tweople from bringing the substantive issues to the attention of the Court.

WHEREFORE, based upon the foregoing, Tweople respectfully requests that this Honorable Court enter an order granting Tweople's motion to compel.

**<u>Sanctions</u>**

Rule 37 entitles Tweople to reasonable expenses incurred with the filing of this motion to compel. Clearly, the information in LFOW's Rule 26(a) disclosures is relevant to the issues in this case and not producing this information is not substantially justified. If LFOW cannot prove that it owns the copyright registrations in this matter, then many parties, attorneys and this Court have wasted their time, effort and money in the last eight months. LFOW promised to produce that information last week, but Tweople has yet to receive it.

Similarly, LFOW has a duty to perform a reasonable inquiry into the matters that have been requested and there is no justification for not providing this information. Tweople has been able to locate additional versions of the software at issue. There is simply no reason for LFOW to not have investigated this issue, particularly when the matter had been brought to its attention

Finally, the IP addresses that LFOW uses are relevant to Tweople's counterclaims. That information may well lead to the discovery of admissible evidence relevant to Tweople's counterclaims and defenses. There is simply no justification for not providing the information requested by Tweople.

**<u>Rule 3.01(g) Certification</u>**

Pursuant to Local Rule 3.01(g), undersigned counsel has conferred with Plaintiff's counsel, Ryan Santurri, who opposes the relief sought in this Motion as noted above.

Respectfully submitted this 3rd day of September, 2014,

                                       By: <u>/Michael L. Leetzow/</u>
                                                 Michael L. Leetzow
                                                 FL Bar No. 934770
                                                 Michael L. Leetzow, P.A.
                                                 Attorney for Defendant, Tweople
                                                 2393 Crest Ridge Ct.
                                                 Sanford, FL 32771
                                                 Phone: 407 302 9970
                                                 Fax:    407 302 9973
                                                 Email: michael@leetzow.com

## CERTIFICATE OF SERVICE

I hereby certify that on September 3, 2014, I electronically filed the foregoing with the Clerk of the Court by using the CM/ECF system, which will provide notice to counsel of record via a Notice of Electronic Filing.

                By: /Michael L. Leetzow/

                Michael L. Leetzow, Esq.
                FL Bar No. 934770
                Michael L. Leetzow, P.A.
                Attorney for Defendant, Tweople, Inc.
                2393 Crest Ridge Ct.
                Sanford, FL 32771
                Phone: 407 302 9970
                Fax: 407 302 9973
                Email: michael@leetzow.com