# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF FLORIDA
# ORLANDO DIVISION

| | |
|---|---|
| **LIVE FACE ON WEB, LLC,**<br><br>Plaintiff,<br><br>vs.<br><br>**TWEOPLE, INC.; TWENTY FIRST CENTURY HEALTH CARE CONSULTANTS, INC.; ADS CONSULTING CORPORATION, INC.; MAGIC VILLAGE LLC; MR. CHECKOUT DISTRIBUTORS, INC.; ENLIGHTENED CAPITALISM LLC; FLORIDA EB5 INVESTMENTS LLC; SOUTHERN CREMATORY, INC.; COMFORT-N-MOBILITY, INC.; CLINGAN CAPITAL FUNDING, LLC; ROBERT W. ASTLES, D.M.D., P.A.; THE FAMILY VENDING CO. INC.; VICTOR V. GAMMICHIA, D.D.S., P.A.; HELICAL PRODUCTS COMPANY, INC.; UNITED CALIFORNIA DISCOUNT CORPORATION; CBS CORPORATION; DYDACOMP DEVELOPMENT CORP.; DOAN LAW FIRM P.C.; ZK TECHNOLOGY LLC; BARBA CONSULTING INC.; EXPRESSCARE LLC,**<br><br>Defendants. | **Case No.: 6:14-cv-44-Orl-22TBS** |

## PLAINTIFF'S OPPOSITION TO TWEOPLE, INC.'S
## MOTION TO COMPEL (DOC. 252)

Plaintiff Live Face on Web, LLC ("LFOW") responds to Defendant Tweople, Inc's ("Tweople") Motion to Compel (Doc. 252; the "Motion"), and states in opposition the following:

Tweople's current motion to compel appears to be more an effort to slander the owner of LFOW than to address any perceived discovery deficiency. Indeed, the vast majority of

information Tweople seeks to compel was already in its possession, though it appears Tweople did not bother to review some of these materials before filing. LFOW had already agreed to produce the rest (and has since produced it), but apparently not on Tweople's timetable -- instead it was produced several days later. Rather than inquiring why unimportant documents were a couple days later than expected (four business days), Tweople filed its motion to compel. The pending motion to compel is a complete waste of this Court's and LFOW's time. It should be denied.

I.     **At the Time of Filing, Tweople Already Had Information Identified in LFOW's Rule 26 Disclosures.**

Tweople argues that LFOW failed to "identify current or former employees of Live Face on Web who have information supporting Plaintiff's claims and defenses; knowledge as to the registered software; knowledge as [sic] the registered trademark." (Doc. 252, p. 3). This is curious, as Tweople acknowledges in the very next sentence of its motion that LFOW has identified Yury Getsky and Eduard Shcherbakov, as two employees with the knowledge as to each of these issues. (Id.) As Tweople would understand if it reviewed LFOW's response to interrogatories, Mr. Shcherbakov is the author of LFOW's JavaScript code. If Tweople reviewed the pleadings (Doc. 1-1, p. 6) or the documents produced by LFOW in June, it presumably knows Mr. Getsky filed for several of the copyright registrations owned by LFOW. LFOW has produced copies of the copyright registrations for each asserted work showing LFOW is the owner of the code (attached to the complaint), as well as the code itself (Ex. 1) and the infringing code used by each defendant. LFOW has also produced the registration for its trademark along with evidence showing Tweople was using LFOW's mark in its advertising to drive internet traffic to Tweople's website. Nothing more was required of LFOW…it has properly complied with its Rule 26 obligations, and Tweople's motion should be denied.

Tweople takes the position that LFOW must do more than show the copyright registrations which identify LFOW as the owner. This position is diametrically opposite copyright law. The copyright registration provides LFOW a presumption of validity for the facts in the certificate, including ownership. 17 U.S.C. §410; *Progressive Lighting, Inc. v. Lowe's Home Ctrs., Inc.*, 549 Fed. Appx. 913, 918 (11th Cir. 2013). LFOW need not do anything more.

Nonetheless, LFOW agreed to produce additional documents showing Mr. Shcherbakov's role in LFOW to Tweople, and the undersigned expected to produce those documents on August 29th. If Tweople's counsel had called the undersigned before filing the motion, he would have learned that Mr. Shcherbakov had been out of town over the holiday weekend and was unable to provide documents until September 4 (which were then produced on September 5th). But Tweople was more interested in filing a memo engaging in irrelevant attacks on Mr. Shcherbakov in connection with default judgments issued more than ten years ago with respect to companies unrelated to any entity in this action. Tweople prefers to attack LFOW and characterize the lawsuit as "frivolous" to the market (Doc. 229-1. P. 23) rather than address the fact that Defendants' code includes entire sections that have been block copied from LFOW's code. The motion to compel is simply a furtherance of the smear campaign, with Tweople's counsel attaching over 100 pages of irrelevant pleadings from other cases in this Court. What possible relevance do these judgments have to this action? Tweople's personal attacks are unprofessional and improper.

## II.     Request for Production 4, 5, and 16

Tweople offers no explanation as to how LFOW's corporate structure could possibly have any relevance to the claims in this action. Corporate control and copyright authorship are two fundamentally different issues and only the latter matters for copyright ownership. Why does

3

it matter who owns LFOW? The questions raised by LFOW's complaint are whether Tweople and other defendants infringed LFOW's copyrights, and whether Tweople infringed LFOW's trademarks. Even if Tweople can properly plead its own claims (which appears highly unlikely), none of them somehow implicate LFOW's ownership or corporate structure. Nonetheless, in an effort to avoid wasting time and energy on motion practice, LFOW offered to provide (and has produced) an employment agreement with Mr. Shcherbakov, as well as evidence of the ownership of LFOW by Mr. Getsky and Mr. Shcherbakov. Such production resolves not only Request No. 4, but also Requests 5 and 16. Of course, LFOW's effort to avoid wasting the Court's time was for naught, as Tweople still filed a motion seeking documents which LFOW had already agreed to produce (and has in fact produced).

In a reply on a completely separate motion (Doc. 254), Tweople continues its myopic focus on the same issue, arguing ownership of the LLC somehow has a bearing on this case. Tweople has no choice but to acknowledge it has evidence of ownership, which it promptly filed in the public record, <u>in direct violation of the parties' confidentiality agreement</u>.[1] There is more than a hint of irony in Tweople's faux concern for its own confidential information when it filed documents marked as confidential in the public record within weeks of receiving them. Tweople has also been provided with the assignment from Mr. Shcherbakov to LFOW, and this assignment precedes the creation of the asserted code. Tweople's motion should be denied as moot, and could have been avoided all together had Tweople's counsel conducted a sufficient inquiry prior to filing or simply waited three days for the production of documents offered by LFOW.

---

[1] After demanded by LFOW, Tweople has moved to strike the confidential information from the record and the Court has granted the motion. (Doc. 256-257.) However, the documents ***continue to remain available to the public*** through PACER.

**III.     Interrogatory No. 3.**

Tweople's motion on this issue is baffling. LFOW agreed to identify all versions of its software, but apparently version 5.0.5 was inadvertently omitted. When Tweople's counsel contacted the undersigned for the 3.01(g) conference, Mr. Leetzow <u>refused</u> to identify what version he believed missing from the list…instead he demanded that LFOW identify "all versions." LFOW would have simply supplemented its interrogatory and produced the inadvertently omitted code, but apparently Tweople believed it was of more strategic advantage to create a discovery dispute and claim that LFOW was hiding or withholding this code. Although Tweople already has a copy of the code for version 5.0.5 (Doc. 252-10), LFOW has nonetheless produced it again and has since supplemented its interrogatory response to correct the inadvertent error.

Even now Tweople claims it "<u>knows</u> that there are more publicly-available versions of LFOW's software that LFOW has yet to identify." (Doc. 252, p. 7.) But like before, Tweople refuses to tell LFOW (or the Court) what other versions that Tweople "<u>knows</u>" exist. LFOW has searched its records and the records of the copyright office to confirm that all public versions[2] have been identified and produced. Importantly, Tweople represents to the Court that LFOW has not produced versions 1.0.0, 9.1.1 and 11.0.0 of the code, but those <u>were in fact produced in June</u>. LFOW has attached copies to this response, along with the email indicating that the documents were produced on June 16. (Ex. 2.) A motion on this issue is not a legitimate dispute to be resolved by the Court -- it is pure gamesmanship and a waste of the Court's time. As with the other matters on which Tweople has moved to compel, the Court should deny this request to compel as moot.

---

[2] The only other versions of the code that exist are those still in development and neither pre-exist the asserted code, nor have been made public.

**IV.   Requests for Production 42 and 43.**

These requests for production relate to Tweople's continued efforts to classify accessing a publicly available website as computer fraud and abuse. As set forth in LFOW's motion to dismiss, the notion that opening a website open to the public is somehow computer fraud and abuse in violation of a federal criminal statute is nonsensical. (Doc. No. 162.) Nonetheless, Tweople demands all IP addresses used by LFOW and counsel (though during the 3.01(g) conference Tweople's counsel limited it to LFOW's IP addresses). Yet Tweople has already identified LFOW's IP address (173.49.38.82) in its own pleadings, and confirmed the address of LFOW in RFAs. (Doc. 142, p. 25.) What more does Tweople expect to receive…it has the information it has requested?

The fundamental problem appears to be that Tweople does not understand the data on which it relies. For example, a review Exhibit 9 of the First Amended Answer shows, for example, that the website http://www.theguelphdentist.com (and the other three websites listed) referred LFOW's IP address to Tweople's server. (Doc. 142-9.) The explanation for this operation is simple. These websites run (or ran) the infringing software, which necessarily directs a visitor's browser to download the code and the web spokesperson videos from Tweople's server. In other words, these websites directed (i.e. referred) LFOW's browser to Tweople. This is the point LFOW has made in response to Tweople's counterclaims. Companies that are Tweople's customers and paid Tweople for the infringing source code -- including at the companies listed in Exhibit 9 -- direct users to Tweople's server and trigger a <u>download of the web spokesperson software and video</u>. Tweople claims somehow it is improper for LFOW, in the context of investigating its claims, to perform the same action as every other visitor to a Tweople customer's website. Similarly, Exhibit 11 to the First Amended Answer shows that

http://4.hidemyass.com also may have referred LFOW to Tweople's website. As with the companies listed in Exhibit 9, LFOW simply followed the links on the Internet to the publicly-accessible location on Tweople's web server. There is nothing nefarious or improper about this; to the contrary, this is how Tweople and its customers are designed to operate.

LFOW is unaware of any effort to hide its IP address. If services were used to hide IP addresses, LFOW's IP address would not show up on Exhibits 9 and 11. Instead, as the documents expressly show, these websites referred traffic to Tweople and LFOW's IP address was clearly identified in the document itself. LFOW has never denied that it accessed publicly-available portions of Tweople's websites and web servers to investigate its claims of infringement. There is no reason to hide this information; the investigation was done pursuant to LFOW's right to document the infringement of Tweople and its customers. Such investigation cannot possibly be a violation of the CFAA. Nonetheless, the only responsive documents LFOW has all show its IP address of 173.49.38.82. This is the only static IP address of LFOW, and LFOW has already admitted it owns this address. To produce more documents evidencing ownership of the same IP address is a waste of time and money, and has no relevance to the dispute, as there is no question as to the ownership of this IP address. Tweople's motion should be denied.

**V.  Requests for Sanctions.**

Ultimately, Tweople has moved to compel documents and information already in its possession, using the motion as a vehicle to cast aspersions against LFOW's owners. Tweople had the information sought prior to the motion even being filed, and knew LFOW had already agreed to produce additional documents. LFOW produced all versions of LFOW's software, except inadvertently omitted version 5.0.5, which would have been (and has now been) produced

if Tweople's counsel had simply identified the missing version instead of refusing to do so and relying on its own refusal as a basis to file a motion. An entire motion seeking information already in its possession or information LFOW had agreed to produce (and has in fact produced) is a colossal waste of time for the Court and LFOW.

If the Court is to award sanctions, it should be against Tweople for moving to compel documents and information already in its possession. There is not a scintilla of evidence suggesting LFOW has done anything improper during discovery. Instead, Tweople manufactured a dispute that does not exist to give it an excuse to file irrelevant documents for the purposes of slandering LFOW and its owners. Tweople's motion should be denied in all respects.

Dated September 22, 2014.    */s/ Ryan T. Santurri*
Ryan T. Santurri
Florida Bar No. 015698
rsanturri@addmg.com
Stephen H. Luther
Florida Bar No. 528846
sluther@addmg.com
ALLEN, DYER, DOPPELT,
MILBRATH & GILCHRIST, P.A.
255 South Orange Avenue, Suite 1401
Orlando, Florida 32801
Telephone: (407) 841-2330
Facsimile: (407) 841-2343

**Attorneys for the Plaintiff,
Live Face on Web, LLC**

**CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that a true and correct copy of the foregoing has been electronically filed with the Clerk of the Court utilizing the CM/ECF system this September 22, 2014, and which will electronically transmit an electronic copy to all counsel of record.

/s/ Ryan T. Santurri
Ryan T. Santurri

Robert M. Norway
Robert.Norway@gray-robinson.com
GrayRobinson, PA
Suite 1400
301 E. Robinson St.
Orlando, FL 32801

*Counsel for Dydacomp Holdings Corporation*

Kenneth K. Dort
kenneth.dort@dbr.com
Carrie A. Beyer
Carrie.Beyer@dbr.com
Drinker, Biddle & Reath, LLP
191 N. Wacker Drive
Suite 3700
Chicago, IL 60606-1698

*Counsel for Dydacomp Holdings Corporation*

Michael Leonard Leetzow
michael@leetzow.com
Michael L. Leetzow, PA
2393 Crest Ridge Court
Sanford, FL 32771

*Counsel for Tweople, Inc.*

Richard George Salazar
rsalazar@fowlerwhite.com
Fowler White Boggs
501 E Kennedy Blvd - Ste 1700 (33602)
P.O. Box 1438
Tampa, FL 33601-1438

*Counsel for Helical Products Company, Inc.*

Dale Lyn Friedman
dfriedman@conroysimberg.com
Rebecca J. Williams
rwilliams@conroysimberg.com
Conroy Simberg Ganon
Krevans Abel Lurvey
3440 Hollywood Blvd.
2nd Floor
Hollywood, FL 33021

*Counsel for The Family Vending Co., Inc.*

Edmund J. Gegan
egegan@archerbay.com
Archer Bay, PA
2639 Dr. MLK Jr. St. N
St. Petersburg, FL 33704

*Counsel for ZK
Technologies, LLC
Twenty First Century Health Care
Consultants
Enlightened Capitalism
Florida EB5 Investments*

David A. Dorey
dorey@blankrome.com
1201 Market Street Suite 800
Wilmington, DE 19801

*Counsel for Barba Consulting, Inc.*

Paul J. Sodhi
psodhi@blankrome.com
Blank Rome LLP
1200 N. Federal Highway,
Suite 312
Boca Raton, FL 33432

*Counsel for Barba Consulting, Inc.*

Richard W. Smith
rsmith@fisherlawfirm.com
Fisher, Rushmer,
Werrenrath, Dickson, PA
390 N. Orange Avenue
Suite 2200
Orlando, FL 32801

*Counsel for Victor V.
Gammichia, DDS, P.*A.

Harvey S. Kauget
hkauget@burr.com
John A. Schifino
jschifino@burr.com
Burr & Forman, LLP
201 N. Franklin Street
2nd Floor
Tampa, FL 33602

*Counsel for ADS
Consulting Corporation*

Joel L. Dion
Dion-J@BlankRome.com
Blank Rome, LLP
130 N. 18th Street
Philadelphia, PA 19103

*Counsel for Barba Consulting, Inc.*