UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

LIVE FACE ON WEB, LLC,

     Plaintiff,

v.                                   Case No:  6:14-cv-44-Orl-22TBS

TWEOPLE, INC., TWENTY FIRST
CENTURY HEALTH CARE
CONSULTANTS, INC., ADS
CONSULTING CORPORATION, INC.,
MAGIC VILLAGE LLC, MR. CHECKOUT
DISTRIBUTORS, INC., ENLIGHTENED
CAPITALISM LLC, FLORIDA EB5
INVESTMENTS LLC, SOUTHERN
CREMATORY, INC., CLINGAN CAPITAL
FUNDING, LLC, ROBERT W. ASTLES,
D.M.D., P.A., THE FAMILY VENDING
CO. INC., VICTOR V. GAMMICHIA,
D.D.S., P.A., HELICAL PRODUCTS
COMPANY, INC., ZK TECHNOLOGY
LLC and BARBA CONSULTING INC.,

     Defendants.

_____

## ORDER

     This case comes before the Court on the Motion to Compel Production, filed by
Defendant Tweople. (Doc. 252).   Plaintiff Live Face on Web, LLC ("LFOW") filed a
response in opposition to the motion (Doc. 258), and the Court heard oral argument.
Now, for the reasons set forth below, Tweople's motion is **granted in part and denied in
part.**

## Background

     LFOW is a leading developer and owner of "live person" software and video
technology for websites which it licenses to businesses and individuals.   (Doc. 1, ¶ 30).

It has registered each version of its software in the United States Copyright Office and has a certificate of registration for each registered copyright. (Id. ¶ 38). Tweople, Inc., is a leader in website spokesperson services and technology. (Id. ¶ 40).

LFOW alleges that Tweople copied its software code, and then used that code in video spokesperson projects Tweople sold to its customers for use on the customers' websites. (Id. ¶¶ 41, 47-51). LFOW claims that each time a web browser retrieves a page from a customer of Tweople, which contains a Tweople video, a new copy of the infringing code is automatically distributed to the website visitor. (Id. ¶ 48). The remaining Defendants are alleged to be customers of Tweople who purchased video spokesperson projects containing the infringing software codes, whose websites operate using the infringing software code, and who use the software to advertise their products and services. (Id. ¶¶ 47-129). LFOW seeks injunctive relief and damages for direct and indirect infringement of its registered copyrights in violation of 17 U.S.C. § 501. (Doc. 1).

Tweople has counterclaimed that LFOW accessed or attempted to access files in protected areas of Tweople's websites, including administrative webpages, "error log" files, and files containing customer billing information. (Id. ¶¶ 57-65). Tweople also alleges that, in what appears to be an attempt to cover its tracks, LFOW used a "proxy service" called "HideMyAss.com" to mask its IP address when probing Tweople's websites. (Id. ¶ 70). Tweople seeks damages and an injunction prohibiting LFOW from accessing its computers and servers.

## Discussion

In its motion, Tweople essentially seeks all the pre-2006 versions of the software code and a list of anyone who may have been involved in its creation. Tweople's

requests can be categorized into three groups: Rule 26 disclosures, interrogatories, and requests for production. (Doc. 252).

A. Rule 26 Disclosures

The Federal Rules of Civil Procedure "strongly favor full discovery whenever possible." Farnsworth v. Proctor & Gamble Co., 758 F.2d 1545, 1547 (11th Cir. 1985). Parties may obtain discovery of "any nonprivileged matter that is relevant to any party's claim or defense ..." FED. R. CIV. P. 26(b)(1). It is not necessary that the material be admissible at trial "if the discovery appears reasonably calculated to lead to the discovery of admissible evidence." Id. Parties are required to make certain initial discovery disclosures at the beginning of the case. Under Rule 26(a), "a party must, without awaiting a discovery request, provide to the other parties[, inter alia,] ... the name and, if known, the address and telephone number of each individual likely to have discoverable information – along with the subjects of that information – that the disclosing party may use to support its claims or defenses, unless the use would be solely for impeachment." FED. R. CIV. P. 26(a)(1)(A)(i).

Tweople alleges that LFOW agreed to "identify current or former employees of Live Face on Web who have information supporting Plaintiff's claims and defenses; knowledge as to the registered software; knowledge as [to] the registered trademark," but that it has yet to disclose this information. (Doc. 252 at 3-4; Doc. 252-1 at 3). At the hearing, Tweople acknowledged that between the time it filed the motion to compel and the hearing, LFOW provided employment agreements for "two of the principal[ ]" employees, but argues that LFOW's Rule 26 obligation has not been fully met. (Transcript at 7-8). Tweople maintains that LFOW employs at least eleven (11) people,

3 of whom are on its retirement plan.   Tweople seeks discoverable information related to all of LFOW's employees. (Id.).

Tweople is also keenly interested in information that details the relationship between LFOW and Eduard Shcherbakov.   LFOW maintains that its ownership rights are derived from the fact that Mr. Shcherbakov authored the code as a work for hire. (Doc. 252-2 at 2).   Tweople explains that "[a] work made for hire is one that is either prepared within the scope of employment, or a specially commissioned work that is agreed to in a written instrument by the parties."   (Doc. 252 at 4).   Tweople maintains that "[o]ther than supplying the name of Yury Getsky and Eduard Shcherbakov, through indirect means, LFOW has provided no other information."   (Id. at 3) (internal citations omitted). Tweople argues that the sought after material is important to establish copyright authorship/valid copyright registration and LFOW's standing to maintain its cause of action. (Id. at 4).

LFOW argues that the information is irrelevant because it has already provided a stock certificate showing that Mr. Shcherbakov is an owner and an employment agreement to show that he was also an employee.   (Transcript 19).   LFOW also argues that the copyright registration cloaks it in a presumption of validity for the facts in the certificate, including ownership.   (Doc. 258 at 3).   And, LFOW states that Mr. Shcherbakov has provided sworn testimony that he authored the code.   (Id.).

The Court finds that the information Tweople seeks to compel is of the type ordinarily disclosed under Rule 26(a)(1).   Therefore, Tweople's motion to compel is granted to the extent that LFOW shall produce to Tweople: (1) a list of current or former employees of LFOW who have information supporting Plaintiff's claims and defenses; (2) knowledge as to the registered software; (3) knowledge as to the registered trademark(s);

(4) information relating to Mr. Shcherbakov's duties and roles at the company beginning the first day of his employment; and (5) information regarding any other individual who may have authored any version of the software that is the subject of this litigation.

B. <u>Interrogatories</u>

Federal Rule of Civil Procedure 33 allows parties to serve upon each other interrogatories which relate to any matter that may be inquired into under Rule 26(b). Rule 33 directs that each interrogatory be answered "separately and fully in writing under oath." FED. R. CIV. P. 33(b)(3).

An opposing party must state its grounds for objection with specificity. <u>See</u> <u>id.</u> at (b)(4). Objections to discovery must be "plain enough and specific enough so that the court can understand in what way the [discovery is] alleged to be objectionable." <u>Panola Land Buyers Assoc. v. Shuman</u>, 762 F.2d 1550, 1559 (11th Cir. 1985) (quoting <u>Davis v. Fendler</u>, 650 F.2d 1154, 1160 (9th Cir. 1981)). Upon motion, the court may compel a party to answer the interrogatories. <u>See</u> FED. R. CIV. P. 37(a)(3)(B)(iii). If the motion to compel is granted, the court must direct the party whose conduct necessitated the motion, "or the attorney advising that conduct, or both," to compensate the movant for "reasonable expenses incurred in making the motion, including attorney's fees," except in certain limited circumstances. FED. R. CIV. P. 37(a)(5)(A). The recipient has 30 days within which to respond to the discovery request. FED. R. CIV. P. 33(b)(2).

Tweople seeks a response to its third interrogatory which asks LFOW to identify all versions of its software that predate the May 6, 2006 assignment. (Doc. 252 at 6; Transcript at 8). LFOW provided the following answer to this interrogatory:

> ANSWER: LFOW objects to this interrogatory as overly broad and unduly burdensome to these [sic] extent it seeks the identity of all of LFOW's software with customer-specific

> parameter changes.   LFOW further objects to this
> interrogatory as not reasonably calculated to lead to the
> discovery of admissible evidence to the extent it seeks the
> identity of code that was never publicly available.   Subject to
> these objections, the following is a list of versions of its
> JavaScript code that have been publicly-available: Versions
> 1.0.0, 2.0.1, 5.0.1, 5.0.1-None, 5.0.3, 5.0.4, 5.0.4- Custom,
> 6.0.1, 6.0.2, 6.0.3, 6.0.3-Custom, 7.0.0, 7.0.1, 9.1.1, 10.0.0,
> and 11.0.0.

(Doc. 252 at 6).

Tweople argues that LFOW's answer is not complete and that LFOW left off additional (publicly available) versions, like version 5.0.5 for instance.   (Id.; Transcript at 5).   LFOW maintains that the version 5.0.5 omission was simply an oversight and that it has produced all relevant versions.   (Doc. 258 at 5).   LFOW states that it "has searched its records and the records of the copyright office to confirm that all public versions have been identified and produced."   (Id.; Transcript at 39).   LFOW also argues for the application of the effective registration doctrine in this case, which recognizes that the registration of a derivative work is deemed sufficient to cover prior work, even if the prior work was not registered.   (Transcript at 16-17) (citing Oravec v. Sunny Isles Luxury Ventures, L.C., 527 F.3d 1218, 1229 (11th Cir. 2008)).   LFOW contends that because its registration includes prior versions of the work, there is no need to produce those iterations of the software.   (Transcript at 17-18).   Tweople argues that effective registration is irrelevant because LFOW allegedly registered all of its original versions. (Transcript at 30-31).   Tweople explains that its inquiry focuses on LFOW's ability to identify and list all of those prior versions and their authors.   (Transcript at 31).[1]

---

[1] LFOW cites to AFL Telecomms. LLC v. SurplusEQ.com Inc., 946 F. Supp. 2d 928 (D. Ariz. 2013)).   Both AFL Telecomms and Oravec provide some guidance on the substantive issue of registration validity but neither addresses the question of whether relevant information is discoverable.   Federal discovery principles are broad and either party may obtain discovery of "any nonprivileged matter that is relevant to any party's claim or defense ...").   FED. R. CIV. P. 26(b)(1).   Therefore, these cases have limited

The validity of the copyright(s) is a substantive issue that is not currently before the Court.   The issue now is whether Tweople may compel LFOW to answer its request to identify all prior versions of the software.   The Court finds that it can.   Tweople is entitled to discover all prior public versions of the software (and dates of creation) initiated by LFOW --- including the original version of the software regardless of whether or not it predates Mr. Shcherbakov's employment with the company.   This interrogatory seeks information that is relevant to Tweople's affirmative defenses.   See FED. R. CIV. P. 26 a)(1)(A)(i), (b)(1).   To the extent that this information has not yet been provided to Tweople, it must be disclosed, pursuant to Rule 33.   But, Tweople may not compel LFOW to provide information on versions that were customer-specific and/or client-initiated.   Accordingly, the motion to compel an answer to this interrogatory is granted in part and denied in part.

C.  Request for Production

A request for production "must describe with reasonable particularity each item or category of items to be inspected."   FED. R. CIV. P. 34(b)(1)(A).   The Court understands Rule 34(b)(1)(A) to mean the requesting party must describe the information it is seeking in such a way that the responding party can understand what is being sought.   When a party fails to object to a request for production the objection is deemed waived.   Third Party Verification, Inc. v. SignatureLink, Inc., No. 6:06-cv-415-Orl-22DAB, 2007 WL 1288361, at *2 (M.D. Fla. May 2, 2007) ("A party who fails to file timely objections waives all objections, including those based on privilege or work product.") (quoting Ramirez v. Cnty. of Los Angeles, 231 F.R.D. 407, 409 (C.D. Cal. 2005)).   The recipient has thirty

---

application to the issue currently pending before the Court.

(30) days within which to respond to the discovery request. (FED. R. CIV. P. 34(b)(2)).

Tweople's Request for Production No. 42 asks for,

> All documents and things showing each IP address used by
> the Plaintiff and counsel used to investigate each website as
> alleged in the Santurri Letter.

LFOW responded that:

> LFOW objects to this request as not reasonably calculated to
> lead to the discovery of admissible evidence.

Similarly, in Request for Production No. 43, Tweople asked LFOW to produce,

> All documents and things showing each IP address used by
> the Plaintiff, whether assigned to Plaintiff or used by Plaintiff
> as a proxy since 2007.

LFOW responded that:

> LFOW objects to this request as not reasonably calculated to
> lead to the discovery of admissible evidence.

(Doc. 252 at 7-8).

Essentially, Tweople alleges that LFOW accessed its servers using various IP addresses, by going through a proxy website, hidemyass.com. (Transcript at 13). Tweople wants to know why LFOW did this and what it is trying to hide. (Transcript 15). Tweople has not alleged that any wrongdoing occurred and has failed to identify what, specifically, it expects to discover from the production. Tweople does allege that LFOW accessed its site to fish for new defendants. (Id.). But Tweople also alleges that there are other common uses for website proxies and acknowledges that the kind of information it claims LFOW accessed is not relevant to this case. (Transcript 16). The Court finds that Tweople is on a fishing expedition and therefore, the motion to compel is denied in this regard.

Conclusion

Therefore, it is hereby **ORDERED** that Defendant Tweople's Motion to Compel Production (Doc. 252) is G**RANTED IN PART and DENIED IN PART**.

1. The Motion is **GRANTED** to the extent it seeks to compel

    a. Information that should have been part of LFOW's Rule 26 disclosures, and

    b. a response to Interrogatory 3 that relates to prior public versions of the software that were created by Tweople.

2. The Motion is **DENIED** to the extent it seeks to compel

    a. a response to Interrogatory 3 that relates to versions of the software that were customer-specific and/or client-initiated, and

    b. a response to Requests for Production 42 and 43.

3. The Court finds that an award of legal expenses to either party pursuant to FED. R. CIV. P. 37(a)(5) would be unjust.

**DONE** and **ORDERED** in Orlando, Florida on December 11, 2014.

THOMAS B. SMITH
United States Magistrate Judge

Copies furnished to Counsel of Record