UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

LIVE FACE ON WEB, LLC,
a Pennsylvania company

CASE NO.: 6:14-44-Orl-22TBS

Plaintiff,

-v-

TWEOPLE, INC., a Florida
corporation, MR. CHECKOUT
DISTRIBUTORS, INC., a Florida
corporation, SOUTHERN
CREMATORY, INC. a Florida
corporation and ROBERT W.
ASTLES, D.M.D., P.A., a Florida
corporation,

Defendants.
_____/

## NOTICE OF COMPLIANCE WITH FLORIDA STATUTE 77.041

Plaintiff/Judgment Creditor LIVE FACE ON WEB, LLC, by and through its undersigned attorney, hereby gives notice to this Honorable Court and to all parties that it has complied with Florida Statute 77.041 as applicable to this case. Specifically, Judgment Creditor states:

1. In response to the final judgment entered in this case against MR. CHECKOUT DISTRIBUTORS, INC., on or about October 13, 2015, the above-stated Court issued a Writ of Garnishment against the Garnishee Bank of America, N.A. for the amount of $290,267.95. A copy of the Writ of Garnishment is attached hereto as Exhibit "A." A copy of the motion seeking the writ is attached as Exhibit B.

1033115

2. The Writ of Garnishment was served, as provided by law on the Garnishee on November 2, 2015.

3. The Garnishee has not yet answered the Writ. A copy of the Garnishee's Answer will be filed and served upon receipt.

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on November 3, 2015, a true and correct copy of the foregoing was furnished via the Court's electronic service to the following:

| | |
|---|---|
| Harvey S. Kauget, Esq.<br>John A. Schifino, Esq.<br>Burr & Forman, LLP<br>201 N. Franklin Street, Suite 3200<br>Tampa, FL 33602<br>hkauget@burr.com<br>jschifino@burr.com<br><br>For: ADS Consulting Corporation, Inc. | Dale Lyn Friedman, Esq.<br>Rebecca J. Williams, Esq.<br>Conroy Simberg Ganon Krevans Abel Lurvey Morrow & Schefer, P.A.<br>3440 Hollywood Blvd., 2nd Floor<br>Hollywood, FL 33021<br>dfriedman@conroysimberg.com<br><br>For: Doan Law Firm, P.C.<br>The Family Vending Co. Inc. |
| Joel L. Dion, Esq.<br>Blank Rome, LLP<br>1 Logan Square<br>130 N 18th Street<br>Philadelphia, PA 19103-6998<br>Dion-j@blankrome.com<br><br>David A. Dorey, Esq.<br>Blank Rome, LLP<br>1201 Market Street, Suite 800<br>Wilmington, DE 19801<br>Dorey-blankrome.com<br><br>Paul James Sodhi, Esq.<br>Blank Rome, LLP<br>1200 N. Federal Hwy., Suite 312<br>Boca Raton, FL33432 | Carrie A. Beyer, Esq.<br>Kenneth K. Dort, Esq.<br>Drinker, Biddle & Reath, LLP<br>191 No. Wacker Drive, Suite 3700<br>Chicago, IL 60606<br>Carrie.Beyer@dbr.com<br>Kenneth.dort@dbr.com<br><br>Robert M. Norway, Esq.<br>U.S. Dept. of Justice<br>P.O. Box 480<br>Ben Franklin Station<br>Washington, DC 2044-0480<br>Robert.M.Norway@usdoj.gov<br><br>For: Dydacomp Development Corp. |

| | |
|---|---|
| Psodhi@blankrome.com<br><br>For: Barba Consulting, Inc. | |
| Yehudah Buchweitz, Esq.<br>Weil, Gotshal & Manges, LLP<br>767 Fifth Avenue<br>New York, NY 10153<br>Yehudah.buchweitz@weil.com<br><br>Edward Soto, Esq.<br>Weil, Gotshal & Manges, LLP<br>1395 Brickell Avenue, Suite 1200<br>Miami, FL 33131<br>Edward.soto@weil.com<br>For: CBS Corporation | Edmund J. Gegan, Esq.<br>BKN Murray, LLP<br>100 2nd Ave., N. Suite 240<br>St. Petersburg, FL 33701<br>egegan@bknmurray.com<br><br>For: Enlightened Capitalism, LLC<br>      Florida EB5 Investments, LLC<br>      Magic Village, LLC<br>      Twenty First Century Health Care<br>         Consultants, Inc.<br>      ZK Technology, LLC |
| Richards H. Ford, Esq.<br>Patrick L. Mixson<br>Wicker, Smith, O'Hara, McCoy & Ford, P.A.<br>390 N. Orange Ave., Suite 1000<br>P.O. Box 2753<br>Orlando, FL 32802-2753<br>rford@wickersmith.com<br>pmixson@wickersmith.com<br><br>For: Comfort-N Mobility, Inc. | James B. Lake, Esq.<br>James J. McGuire, Esq.<br>Thomas & LoCicero, PL<br>601 South Blvd.<br>Tampa, FL 33606<br>jlake@tlolawfirm.com<br><br>Alexandra P. Moylan, Esq.<br>Drake Zaharris, Esq.<br>Pessin Katz Law P.A.<br>901 Dulaney Valley Road, Suite 400<br>Towson, MD 21204<br>amoylan@pklaw.com<br><br>For: Expresscare LLC |
| Leigh Anne Miller, Esq.<br>Wicker, Smith, O'Hara, McCoy & Ford, P.A.<br>390 N. Orange Ave., Suite 1000<br>P.O. Box 2753<br>Orlando, FL 32802-2753<br>lmiller@fisherlawfirm.com<br>rford@wickersmith.com<br><br>For: Victor V. Gammichia, D.D.S., P.A. | |

| | |
|---|---|
| Richard George Salazar, Esq.<br>Buchanan Ingersoll & Rooney, P.C.<br>501 E. Kennedy Blvd., Suite 1700<br>Tampa, FL 33702-5439<br>Richard.salazar@bipc.com<br><br>For: Helical Products Company, Inc. | Stephen H. Luther, Esq.<br>Ryan Thomas Santurri, Esq.<br>Allen, Dyer, Doppelt, Milbrath & Gilchrist, P.A.<br>255 S. Orange Avenue, Suite 1401<br>P.O. Box 3791<br>Orlando, FL 32802-3791<br>sluther@addmg.com<br>rsanturri@addmg.com<br>  and<br>Jon Marshall Oden, Esq.<br>Ball Janik LLP<br>201 E. Pine Street, Suite 825<br>Orlando, FL 32801<br>joden@balljanik.com<br><br>For: Live Face on Web, LLC |
| Michael Leonard Leetzow, Esq.<br>Michael L. Leetzow, P.A.<br>2393 Crest Ridge Ct.<br>Sanford, FL 32771<br>Michael@leetzow.com<br><br>For: Tweople, Inc. | Peter S. Baumberger, Esq.<br>Jennifer Remy-Estorino, Esq.<br>Kubicki Draper<br>25 Flagler Street, PH Suite<br>Miami, FL 33130<br>psb@kucickidraper.com<br>jr@kubickidraper.com<br><br>For: United California Discount Corporation |
| <u>Via U.S. Mail:</u><br>Robert W. Astles, D.M.D., P.A.<br>963 37th Place<br>Vero Beach, FL 32960 | <u>Via U.S. Mail:</u><br>Mr. Checkout Distributors, Inc.<br>189 South Orange Avenue<br>Orlando, FL 32801 |

/s/ Jon Marshall Oden
Jon Marshall Oden, Esquire
Florida Bar No. 0038172
BALL JANIK, LLP
201 E. Pine Street, Suite 825
Orlando, FL 32801
407-992-6250 (phone)
407-902-2105 (fax)
Email: joden@balljanik.com
Attorney for Plaintiff /Judgment Creditor
Live Face on Web, LLC

4

Case 6:14-cv-00044-ACC-TBS Document 327 (Ex Parte) Filed 10/28/15 Page 1 of 5
Case 6:14-cv-00044-ACC-TBS Document 319-3 (Ex Parte) Filed 10/23/15 Page 1 of 5
PageID 3004

UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

CASE NO.: 6:14-44-Orl-22TBS

LIVE FACE ON WEB, LLC, a
Pennsylvania company

    Plaintiff,

-v-

TWEOPLE, INC., a Florida
corporation, MR. CHECKOUT
DISTRIBUTORS, INC., a Florida
corporation, SOUTHERN
CREMATORY, INC. a Florida
corporation and ROBERT W.
ASTLES, D.M.D., P.A., a Florida
corporation,

    Defendants.
_____/

## WRIT OF GARNISHMENT

TO: THE UNITED STATES MARSHALS SERVICE, MIDDLE DISTRICT OF FLORIDA

**YOU ARE COMMANDED** to summon Bank of America N.A., 390 N. Orange Ave., Orlando, FL 32801, Attn: Yanina Aguirre, to serve an Answer to this Writ on Jon Marshall Oden, Esquire, Plaintiff's attorney, whose address is 201 E Pine Street, Suite 825, Orlando, Florida 32801, within 20 days after service on the Garnishee, exclusive of the day of service, and to file the original with the Clerk of this Court either before service on the attorney or immediately thereafter, stating whether the Garnishee is indebted to the Defendant Mr. Checkout Distributors, Inc., or to any alias of same, at any address locatable including, but not limited to, 189 S. Orange Ave., Suite 800, Orlando,

1034227


EXHIBIT A

FL 32801, at the time of the Answer or was indebted at the time of service of the Writ, or at any time between such times, and what sums and what tangible and intangible personal property of the Defendant the Garnishee had in its possession or control nationwide at the time of the Answer, or had at the time of service of this Writ, or at any times between such times, and including specifically, but not limited to, any and all financial accounts and any and all safety deposit boxes, and whether the Garnishee knows of any other person(s) indebted to the Defendant or who may have any of the property of the Defendant nationwide in its possession or control. The amount set forth in Plaintiff/Judgment Creditor's Motion is $290,267.95.

Dated this ____ day of October, 2015.

SHERYL L. LOESCH
Clerk of Court
By: _____
As Deputy Clerk

2

Case 6:14-cv-00044-ACC-TBS Document 327 (Ex Parte) Filed 10/28/15 Page 3 of 5
Case 6:14-cv-00044-ACC-TBS Document 319-3 (Ex Parte) Filed 10/23/15 Page 3 of 5
PageID 3006

NOTICE TO DEFENDANT OF RIGHT AGAINST GARNISHMENT OF WAGES, MONEY, AND OTHER PROPERTY

The Writ of Garnishment delivered to you with this Notice means that wages, money, and other property belonging to you have been garnished to pay a court judgment against you. HOWEVER, YOU MAY BE ABLE TO KEEP OR RECOVER YOUR WAGES, MONEY, OR PROPERTY. READ THIS NOTICE CAREFULLY.

State and federal laws provide that certain wages, money, and property, even if deposited in a bank, savings and loan, or credit union, may not be taken to pay certain types of court judgments. Such wages, money, and property are exempt from garnishment. The major exemptions are listed below on the form for Claim of Exemption and Request for Hearing. This list does not include all possible exemptions. You should consult a lawyer for specific advice.

TO KEEP YOUR WAGES, MONEY, AND OTHER PROPERTY FROM BEING GARNISHED, OR TO GET BACK ANYTHING ALREADY TAKEN, YOU MUST COMPLETE A FORM FOR CLAIM OF EXEMPTION AND REQUEST FOR A HEARING AS SET FORTH BELOW AND HAVE THE FORM NOTARIZED. YOU MUST FILE THE FORM WITH THE CLERK'S OFFICE WITHIN 20 DAYS AFTER THE DATE YOU RECEIVE THIS NOTICE OR YOU MAY LOSE IMPORTANT RIGHTS. YOU MUST ALSO MAIL OR DELIVER A COPY OF THIS FORM TO THE PLAINTIFF AND THE GARNISHEE AT THE ADDRESSES LISTED ON THE WRIT OF GARNISHMENT.

If you request a hearing, it will be held as soon as possible after your request is received by the court. The plaintiff must file any objection within 3 business days if you hand delivered to the plaintiff a copy of the form for Claim of Exemption and Request for Hearing, or alternatively, 8 business days if you mailed a copy of the form for claim and request to the plaintiff. If the plaintiff files an objection to your Claim of Exemption and Request for Hearing, the clerk will notify you and other parties of the time and date of the hearing. You may attend the hearing with or without an attorney. If the plaintiff fails to file an objection, no hearing is required, the writ of garnishment will be dissolved and your wages, money, or property will be released.

YOU SHOULD FILE THE FORM FOR CLAIM OF EXEMPTION IMMEDIATELY TO KEEP YOUR WAGES, MONEY, OR PROPERTY FROM BEING APPLIED TO THE COURT JUDGMENT. THE CLERK CANNOT GIVE YOU LEGAL ADVICE. IF YOU NEED LEGAL ASSISTANCE YOU SHOULD SEE A LAWYER. IF YOU CANNOT AFFORD A PRIVATE LAWYER, LEGAL SERVICES MAY BE

AVAILABLE. CONTACT YOUR LOCAL BAR ASSOCIATION OR ASK THE CLERK'S OFFICE ABOUT ANY LEGAL SERVICES PROGRAM IN YOUR AREA.

UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

CASE NO.: 6:14-44-Orl-22TBS

LIVE FACE ON WEB, LLC, a
Pennsylvania company

    Plaintiff,

-v-

TWEOPLE, INC., a Florida
corporation, MR. CHECKOUT
DISTRIBUTORS, INC., a Florida
corporation, SOUTHERN
CREMATORY, INC. a Florida
corporation and ROBERT W.
ASTLES, D.M.D., P.A., a Florida
corporation,

    Defendants.
_____/

**CLAIM OF EXEMPTION AND REQUEST FOR HEARING**

I claim exemptions from garnishment under the following categories as checked:

☐    1. Head of family wages. (You must check a or b below.)
☐    a. I provide more than one-half of the support for a child or other dependent and have net earnings of $500 or less per week.
☐    b. I provide more than one-half of the support for a child or other dependent, have net earnings of more than $500 per week, but have not agreed in writing to have my wages garnished.
☐    2. Social Security Benefits.
☐    3. Supplemental Security Income benefits.

2

- ☐ 4. Public assistance (welfare).
- ☐ 5. Workers' Compensation.
- ☐ 6. Unemployment Compensation.
- ☐ 7. Veterans' benefits.
- ☐ 8. Retirement or profit-sharing benefits or pension money.
- ☐ 9. Life insurance benefits or cash surrender value of a life insurance policy or proceeds of annuity contract.
- ☐ 10. Disability income benefits.
- ☐ 11. Prepaid college Trust Fund or Medical Savings Account.
- ☐ 12. Other exemptions as provided by law. (Explain)

I request a hearing to decide the validity of my claim. Notice of the hearing should be given to me at:

Address: _____

Telephone: _____

The statements made in this request are true to the best of my knowledge and belief.

Defendant(s) signature _____

Date _____

Sworn and subscribed to before me this _____ day of _____, _____ (month and year), by (name of person making statement)_____.

Notary Public/Deputy Clerk _____

Personally Known _____ OR Produced Identification _____
Type of Identification Produced _____

I hereby certify that a true and correct copy of the foregoing was served to the Plaintiff and Garnishee by (a) _____ hand delivery or (b) _____ by U.S. Mail this _____ day of _____.

_____
Defendant

3

Case 6:14-cv-00044-ACC-TBS Document 328 (Ex Parte) Filed 10/28/15 Page 1 of 4
Case 6:14-cv-00044-ACC-TBS Document 319-1 (Ex Parte) Filed 10/23/15 Page 1 of 4
PageID 3009

DC 11
Rev. 1/09

# WRIT OF EXECUTION

| United States District Court | Middle District of Florida |
|---|---|

TO THE MARSHAL OF: Middle District of Florida, Orlando Division

YOU ARE HEREBY COMMANDED, that of the goods and chattels, lands and tenements in your district belonging to:

NAME
Mr. Checkout Distributors, Inc.
Garnishee: Bank of America, N.A.
390 N. Orange Ave.
Orlando, FL 32801
ATTN: Yanina Aguirre

you cause to be made and levied as well a certain debt of:

| DOLLAR AMOUNT | | DOLLAR AMOUNT |
|---|---|---|
| $290,267 | AND | 95/100 |

in the United States District Court for the __Middle__ District of __Florida__, before the Judge of the said Court by the consideration of the same Judge lately recovered against the said,

Case No. 6:14-cv-44-ORL-22TBS
Live Face on Web, LLC v. Tweople, Inc., Mr. Checkout Distributors, Inc., Southern Crematory, Inc. and Robert W. Astles, D.M.D., P.A.

and also the costs that may accrue under this writ.
And that you have above listed moneys that the place and date listed below; and that you bring this writ with you.

| PLACE Marshal's office | DISTRICT Middle District-Orlando Division |
|---|---|
| CITY Orlando | DATE |

Witness the Honorable _____
United States Judge

| DATE | CLERK OF COURT |
|---|---|
| 10.28.2015 | District Court Clerk<br><br>(BY) DEPUTY CLERK [signature] |

## RETURN

| DATE RECEIVED | DATE OF EXECUTION OF WRIT |
|---|---|

This writ was received and executed.

| U.S. MARSHAL | (BY) DEPUTY MARSHAL |
|---|---|

Case 6:14-cv-00044-ACC-TBS Document 328 (Ex Parte) Filed 10/28/15 Page 2 of 44
Case 6:14-cv-00044-ACC-TBS Document 164 Filed 04/21/16 Page 1 of 2 PageID 2957
PageID 3010

## UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF FLORIDA
## ORLANDO DIVISION

LIVE FACE ON WEB, LLC, a
Pennsylvania company,

        Plaintiff,

v.                                      Case No: 6:14-cv-44-Orl-22TBS

TWEOPLE, INC., a Florida
corporation, MR. CHECKOUT
DISTRIBUTORS, INC., a Florida
corporation, SOUTHERN
CREMATORY, INC., a Florida
corporation, and ROBERT W.
ASTLES, D.M.D., P.A., a Florida
corporation,

        Defendants.

## JUDGMENT IN A CIVIL CASE

**Decision by Court.** This action came before the Court and a decision has been rendered on Plaintiff's Motion for Final Default Judgment.

**IT IS ORDERED AND ADJUDGED** that the Plaintiff, Live Face on Web, LLC, recover from the Defendant, Mr. Checkout Distributors, Inc., the amount of $290,267.95 for which sum let execution issue.

Date: April 21, 2015                        SHERYL L. LOESCH, CLERK

                                                          s/M.A.Pleicones, Deputy Clerk

I CERTIFY THE FOREGOING TO BE A TRUE
AND CORRECT COPY OF THE ORIGINAL
    SHERYL L. LOESCH, CLERK
    UNITED STATES DISTRICT COURT
    MIDDLE DISTRICT OF FLORIDA
BY: _____
        DEPUTY CLERK

## CIVIL APPEALS JURISDICTION CHECKLIST

1. **Appealable Orders**: Courts of Appeals have jurisdiction conferred and strictly limited by statute:

    (a) Appeals from final orders pursuant to 28 U.S.C. Section 1291: Only final orders and judgments of district courts, or final orders of bankruptcy courts which have been appealed to and fully resolved by a district court under 28 U.S.C. Section 158, generally are appealable. A final decision is one that "ends the litigation on the merits and leaves nothing for the court to do but execute the judgment." Pitney Bowes, Inc. v. Mestre, 701 F.2d 1365, 1368 (11th Cir. 1983). A magistrate judge's report and recommendation is not final and appealable until judgment thereon is entered by a district court judge. 28 U.S.C. Section 636(c).

    (b) In cases involving multiple parties or multiple claims, a judgment as to fewer than all parties or all claims is not a final, appealable decision unless the district court has certified the judgment for immediate review under Fed.R.Civ.P. 54(b), Williams v. Bishop, 732 F.2d 885, 885-86 (11th Cir. 1984). A judgment which resolves all issues except matters, such as attorneys' fees and costs, that are collateral to the merits, is immediately appealable. Budinich v. Becton Dickinson & Co., 486 U.S. 196, 201, 108 S. Ct. 1717, 1721-22, 100 L.Ed.2d 178 (1988); LaChance v. Duffy's Draft House, Inc., 146 F.3d 832, 837 (11th Cir. 1998).

    (c) Appeals pursuant to 28 U.S.C. Section 1292(a): Appeals are permitted from orders "granting, continuing, modifying, refusing or dissolving injunctions or refusing to dissolve or modify injunctions..." and from "[i]nterlocutory decrees...determining the rights and liabilities of parties to admiralty cases in which appeals from final decrees are allowed." Interlocutory appeals from orders denying temporary restraining orders are not permitted.

    (d) Appeals pursuant to 28 U.S.C. Section 1292(b) and Fed.R.App.P.5: The certification specified in 28 U.S.C. Section 1292(b) must be obtained before a petition for permission to appeal is filed in the Court of Appeals. The district court's denial of a motion for certification is not itself appealable.

    (e) Appeals pursuant to judicially created exceptions to the finality rule: Limited exceptions are discussed in cases including, but not limited to: Cohen v. Beneficial Indus. Loan Corp., 337 U.S. 541, 546, 69 S.Ct. 1221, 1225-26, 93 L.Ed. 1528 (1949); Atlantic Fed. Sav. & Loan Ass'n v. Blythe Eastman Paine Webber, Inc., 890 F.2d 371, 376 (11th Cir. 1989); Gillespie v. United States Steel Corp., 379 U.S. 148, 157, 85 S. Ct. 308, 312, 13 L.Ed.2d 199 (1964).

2. **Time for Filing**: The timely filing of a notice of appeal is mandatory and jurisdictional. Rinaldo v. Corbett, 256 F.3d 1276, 1278 (11th Cir. 2001). In civil cases, Fed.R.App.P.4(a) and (c) set the following time limits:

    (a) Fed.R.App.P. 4(a)(1): A notice of appeal in compliance with the requirements set forth in Fed.R.App.P. 3 must be filed in the district court within 30 days after the entry of the order or judgment appealed from. However, if the United States or an officer or agency thereof is a party, the notice of appeal must be filed in the district court within 60 days after such entry. THE NOTICE MUST BE RECEIVED AND FILED IN THE DISTRICT COURT NO LATER THAN THE LAST DAY OF THE APPEAL PERIOD - no additional days are provided for mailing. Special filing provisions for inmates are discussed below.

    (b) Fed.R.App.P. 4(a)(3): "If one party timely files a notice of appeal, any other party may file a notice of appeal within 14 days after the date when the first notice was filed, or within the time otherwise prescribed by this Rule 4(a), whichever period ends later."

    (c) Fed.R.App.P.4(a)(4): If any party makes a timely motion in the district court under the Federal Rules of Civil Procedure of a type specified in this rule, the time for appeal for all parties runs from the date of entry of the order disposing of the last such timely filed motion.

    (d) Fed.R.App.P.4(a)(5) and 4(a)(6): Under certain limited circumstances, the district court may extend the time to file a notice of appeal. Under Rule 4(a)(5), the time may be extended if a motion for an extension is filed within 30 days after expiration of the time otherwise provided to file a notice of appeal, upon a showing of excusable neglect or good cause. Under Rule 4(a)(6), the time may be extended if the district court finds upon motion that a party did not timely receive notice of the entry of the judgment or order, and that no party would be prejudiced by an extension.

    (e) Fed.R.App.P.4(c): If an inmate confined to an institution files a notice of appeal in either a civil case or a criminal case, the notice of appeal is timely if it is deposited in the institution's internal mail system on or before the last day for filing. Timely filing may be shown by a declaration in compliance with 28 U.S.C. Section 1746 or a notarized statement, either of which must set forth the date of deposit and state that first-class postage has been prepaid.

3. **Format of the notice of appeal**: Form 1, Appendix of Forms to the Federal Rules of Appellate Procedure, is a suitable format. See also Fed.R.App.P. 3(c). A pro se notice of appeal must be signed by the appellant.

4. **Effect of a notice of appeal**: A district court loses jurisdiction (authority) to act after the filing of a timely notice of appeal, except for actions in aid of appellate jurisdiction or to rule on a timely motion of the type specified in Fed.R.App.P. 4(a)(4).

| U.S. Department of Justice<br>United States Marshals Service | | | PROCESS RECEIPT AND RETURN<br>*See "Instructions for Service of Process by U.S. Marshal"* | | |
|---|---|---|---|---|---|
| **PLAINTIFF**<br>Live Face on Web, LLC | | | **COURT CASE NUMBER**<br>6:14-cv-44-Orl-22TBS | | |
| **DEFENDANT**<br>Mr. Checkout Distributors, Inc. | | | **TYPE OF PROCESS**<br>Writ of Execution/Garnishment | | |

**SERVE AT**
NAME OF INDIVIDUAL, COMPANY, CORPORATION, ETC. TO SERVE OR DESCRIPTION OF PROPERTY TO SEIZE OR CONDEMN
Bank of America N.A.
ADDRESS *(Street or RFD, Apartment No., City, State and ZIP Code)*
390 N. Orange Ave., Orlando, FL 32801. ATTN: Yanina Aguirre

SEND NOTICE OF SERVICE COPY TO REQUESTER AT NAME AND ADDRESS BELOW

Jon Marshall Oden, Esq.
Ball Janik LLP
201 E. Pine St., Suite 825
Orlando, FL 32801

Number of process to be served with this Form 285
Number of parties to be served in this case
Check for service on U.S.A.

SPECIAL INSTRUCTIONS OR OTHER INFORMATION THAT WILL ASSIST IN EXPEDITING SERVICE *(Include Business and Alternate Addresses, All Telephone Numbers, and Estimated Times Available for Service)*:

Mr. Checkout Distributors, Inc.
189 South Orange Ave., Suite 800
Orlando, FL 32801
FEIN: 65-0634236

Signature of Attorney other Originator requesting service on behalf of: ☒ PLAINTIFF ☐ DEFENDANT
TELEPHONE NUMBER: 407-902-2077
DATE: 10/23/15

**SPACE BELOW FOR USE OF U.S. MARSHAL ONLY-- DO NOT WRITE BELOW THIS LINE**

I acknowledge receipt for the total number of process indicated. *(Sign only for USM 285 if more than one USM 285 is submitted)*
Total Process | District of Origin No. ___ | District to Serve No. ___ | Signature of Authorized USMS Deputy or Clerk | Date

I hereby certify and return that I ☐ have personally served, ☐ have legal evidence of service, ☐ have executed as shown in "Remarks", the process described on the individual, company, corporation, etc., at the address shown above on the on the individual, company, corporation, etc. shown at the address inserted below.

☐ I hereby certify and return that I am unable to locate the individual, company, corporation, etc. named above *(See remarks below)*

Name and title of individual served *(if not shown above)*
☐ A person of suitable age and discretion then residing in defendant's usual place of abode

Address *(complete only different than shown above)*
Date | Time | ☐ am ☐ pm
Signature of U.S. Marshal or Deputy

| Service Fee | Total Mileage Charges including *endeavors* | Forwarding Fee | Total Charges | Advance Deposits | Amount owed to U.S. Marshal* or (Amount of Refund*) |
|---|---|---|---|---|---|
| | | | | | $0.00 |

REMARKS:

DISTRIBUTE TO: 1. CLERK OF THE COURT
2. USMS RECORD
3. NOTICE OF SERVICE
4. BILLING STATEMENT*: To be returned to the U.S. Marshal with payment, if any amount is owed. Please remit promptly payable to U.S. Marshal.
5. ACKNOWLEDGMENT OF RECEIPT

PRIOR EDITIONS MAY BE USED

Form USM-285
Rev. 11/13

UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

CASE NO.: 6:14-cv-44-Orl-22TBS

LIVE FACE ON WEB, LLC.
Pennsylvania Company,

    Plaintiff,

vs.

TWEOPLE, INC., a Florida Corporation, MR. CHECKOUT DISTRIBUTORS, INC., a Florida corporation, SOUTHERN CREMATORY, INC., a Florida corporation, and ROBERT W. ASTLES, D.M.D., P.A., a Florida corporation,

    Defendants.
_____/

## JUDGMENT CREDITOR'S SECOND EX PARTE MOTION SEEKING ISSUANCE OF POST-JUDGMENT WRITS OF GARNISHMENT

Judgment Creditor LIVE FACE ON WEB, LLC, by and through its undersigned attorney, pursuant to Florida Statute 77.03, hereby moves this Honorable Court to issue post-judgment writs of garnishment (a/k/a Writs of Execution) to be served on Bank of America N.A. and on PNC Bank N.A. and as grounds states:

    1.    Judgment Creditor respectfully requests that this Court issue post-judgment writs of garnishment to Bank of America N.A. and to PNC Bank N.A. where it is believed the Judgment Debtors have accounts to satisfy the judgment in whole or in part. It is believed in good faith that Mr. Checkout Distributors, Inc. banks at Bank of America N.A. It is believed that Robert W. Astles, D.M.D., P.A. banks at PNC Bank N.A.

    2.    Defendants are not being included on the Certificate of Service herein because garnishment proceedings are authorized in an *ex parte* fashion under Florida law.

EXHIBIT B

1034239

Defendants/Judgment Debtors will receive appropriate and timely notice of the garnishment proceedings as prescribed by Florida Statute 77.041 *et. seq.*

3. Judgment Creditor also pleads entitlement to its expended attorney's fees and costs pursuant to Florida Statute 57.115.

WHEREFORE, Judgment Creditor respectfully requests this Court issue a post-judgment writ of garnishment to Bank of America, NA garnishing the accounts of Mr. Checkout Distributors, Inc. up to the amount of $290,267.95 and to also issue a separate post-judgment writ of garnishment to PNC Bank N.A. garnishing the accounts of Robert W. Astles, D.M.D., P.A. up to the amount of $103,967.95. Judgment Creditor also seeks an award of its expended attorney's fees and costs as the prevailing party hereto pursuant to Florida Statute 57.115.

DATED: October 23, 2015.

Respectfully submitted,

*/s/ Jon Marshall Oden, Esq.*
Jon Marshall Oden, Esquire
Florida Bar No. 0038172
Ball Janik, LLP
201 E. Pine Street, Suite 825
Orlando, FL 32801
Phone: (407) 455-5664
Fax: (407) 902-2105
Attorney for Plaintiff/Judgment Creditor