UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

LIVE FACE ON WEB, LLC,

    Plaintiff,

v.                                                                Case No:   6:14-cv-44-Orl-22TBS

TWEOPLE, INC., MR. CHECKOUT DISTRIBUTORS, INC., SOUTHERN CREMATORY, INC. and ROBERT W. ASTLES, D.M.D., P.A.,

    Defendants.

## ORDER

This case comes before the Court on the interested parties' Joint Motion for Entry of Agreed Final Order in Garnishment (Doc. 334).   After due consideration, the motion is **GRANTED** as follows:

    1.   On April 21, 2015, Plaintiff Live Face on Web, LLC obtained a default final judgment against Defendant Robert W. Astles, D.M.D., P.A., in the principal amount of $103,967.95.   As of the date of this Order, the judgment is unsatisfied.   The accrued post-judgment interest as of November 5, 2015 was $129.72.

    2.   On October 23, 2015, Plaintiff filed a Second *Ex Parte* Motion Seeking Issuance of Post-Judgment Writs of Garnishment against the accounts of Defendant Robert W. Astles, D.M.D., P.A. at Bank of America, NA and PNC Bank, N.A.

    3.   In response, the banks garnished and froze certain accounts.

    4.   Bank of America, NA is holding $7,210.93 in accounts of Robert W. Astles, D.M.D. and his wife individually.

5.  PNC Bank, N.A. is holding approximately $170,000.00 in two business accounts, specifically a money market account and a merchant account, in the name of Defendant Robert W. Astles, D.M.D., P.A.

6.  The Law Firm of Schneider Rothman has entered a general appearance on behalf of Defendant Robert W. Astles, D.M.D., P.A.  Schneider Rothman has indicated an intent to promptly file and serve a motion to set aside and/or vacate the default final judgment against Defendant Robert W. Astles, D.M.D., P.A.  The motion to set aside the default final judgment and/or to vacate same will be contested by Plaintiff.

7.  Defendant Robert W. Astles, D.M.D., P.A, Dr. Astles, and his wife wish the garnished monies released in whole or in part while the parties litigate the issue of whether the default final judgment should be set aside or vacated.  Plaintiff disputes this entitlement.  The parties reached a stipulation, and thereafter jointly requested the entry of an order substantially in the form of this Order resolving the issue.

8.  If it has not already done so, Bank of America, NA shall release back to the account holders all monies garnished in response to the subject writ of garnishment as it relates to Defendant Robert W. Astles, D.M.D., P.A., Dr. Astles individually, and his wife.  This shall be done forthwith.  Upon release of these monies, Bank of America, NA may go hence without day.  This Order does not impact in any way the writ of garnishment served on Bank of America, NA relative to the separate final judgment against Defendant Mr. Checkout Distributors, Inc.  Monies garnished there shall continue to be held by Bank of America, NA.

9.  Out of the monies garnished at PNC Bank, N.A., PNC shall promptly and forthwith release the sum of $114,097.67 to the Trust Account of Schneider Rothman where it will be held in trust pursuant to this Order.  PNC Bank, N.A. shall promptly

release all remaining funds back to the account holders without delay and may then go hence without day.   This Order does not impact in any way the writ of garnishment served relative to the separate final judgment against Defendant Mr. Checkout Distributors, Inc.   Monies garnished there shall continue to be held by PNC Bank, N.A.

10.   Defendant Robert W. Astles, D.M.D., P.A., shall promptly file its motion to set aside and/or vacate the default final judgment with any supporting memorandum of law and affidavits.   The monies directed into the Trust Account of Schneider Rothman shall remain there until such time as the Court rules on that motion and then the time for any resulting appeals has run or expired or any resulting appeal has reached finality.

11.   The $114,097.67 represents the principal amount of the unsatisfied final judgment against Defendant Robert W. Astles, D.M.D., P.A., plus the $192.72 in accumulated post-judgment interest as of November 5, 2015.   It also represents an additional $10,000 anticipated to cover an additional interest accrual and the attorney's fees and costs of counsel for the Plaintiff for collection efforts to date.   Plaintiff maintains it is entitled to an award of its expended attorney's fees and costs as the prevailing party in these collection proceedings on the subject judgment.   The parties have reached agreement as to the entitlement of same should the default final judgment not be vacated.

12.   Should the Court deny the motion to set aside or vacate the default final judgment, and should no appeal be prosecuted therefrom or should any resulting appeal result in the affirmance of the Court's denial of the motion to set aside or vacate, the Schneider Rothman Law Firm shall then promptly release the $114,097.67 in its Trust Account to the Law Offices of Ball Janik LLP Trust Account as counsel for Plaintiff upon demand by them.   These monies will then be applied in partial or total satisfaction of the

final judgment, plus all accumulated post-judgment interest, plus the expended attorney's fees and costs of counsel for Plaintiff relative to collection efforts as of that point in time.

13. Should the Court grant any motion to set aside or vacate the subject final judgment, and should Plaintiff either not appeal that ruling or should it appeal but not prevail in any appeal, Schneider Rothman shall, upon giving reasonable advance notice of its intent to do so to all interested parties in writing, then remit the $114,097.67 in its Trust Account back to Defendant Robert W. Astles, D.M.D., P.A.

14. The monies in trust shall not be otherwise disbursed or directed to any person or party except upon either the joint stipulation of all interested parties to this Order in writing, or a subsequent order entered by the Court.

**DONE** and **ORDERED** in Orlando, Florida on November 9, 2015.

THOMAS B. SMITH
United States Magistrate Judge

Copies furnished to:

    Counsel of Record
    Unrepresented Parties